1    Barry L. Kramer, Bar No. 61772
     *kramerlaw@aol.com*
2    Law Offices of Barry L. Kramer
     12428 Promontory Road
3    Los Angeles, California 90049
     Telephone: (310) 440-9761
4
5    Attorneys for Plaintiff Laura Hoffman
6
7
8
                    **UNITED STATES DISTRICT COURT**
9
         **CENTRAL DISTRICT OF CALIFORNIA -- SOUTHERN DIVISION**
10
11   LAURA HOFFMAN, an individual, on )    Case No. SACV-06-571-AG(MLGx)
     behalf of herself and all others      )
12   similarly situated,                   )    **CLASS ACTION**
                                           )
13                     Plaintiff,          )
                                           )    **[PROPOSED]**
14   vs.                                   )    **SECOND AMENDED COMPLAINT**
                                           )    **FOR: (1) VIOLATION OF TRUTH-**
15   CITIBANK (SOUTH DAKOTA),              )    **IN-LENDING REGULATIONS (12**
     N.A., and DOES 1 through 10,          )    **C.F.R. § 226.9(c)); (2) VIOLATION**
16   inclusive,                            )    **OF STATE CONSUMER**
                                           )    **PROTECTION LAWS**
17                     Defendants.         )
                                           )    Assigned to the Honorable Andrew J.
18   ─────────────────────────────── )         Guilford, Courtroom 10D
19                                              Action Filed:     May 5, 2006
                                                Trial Date:       Not set
20
21
22         Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Plaintiff
23   Laura Hoffman, on behalf of herself and all others similarly situated, alleges in
24   this Second Amended Complaint as follows:
25
26                     **I.  NATURE OF THE CASE**
27         1.    This is a class action on behalf of all customers of Citibank (South
28   Dakota), N.A. or its predecessor Citibank USA, National Association

---
                                      1

1   (collectively, "Citibank") who, between May 5, 2002 and the present, had a credit

2   card account with Citibank and who paid periodic finance charges that were

3   assessed from the beginning of a billing period in which the periodic rate was

4   increased as a result of a default or delinquency that occurred before August 20,

5   2009.  These *retroactive increases without warning or advance notice* resulted in

6   additional lump sum finance charges being unilaterally imposed.  Such additional

7   lump sum finance charges constitute an illegal penalty.  This Court has jurisdiction

8   pursuant to 28 U.S.C. §§ 1331 and 1332(d)(2).

9

10                    **II.  <u>JURISDICTION AND PARTIES</u>**

11          2.      Plaintiff Laura Hoffman is a resident of Orange County, California.

12   Plaintiff is informed and believes and thereon alleges that Citibank is a national

13   banking association based in South Dakota which is duly authorized to do

14   business in the Central District of California and does, in fact, transact business in

15   this District.  Venue is proper in this District because a substantial part of the

16   events giving rise to the claims occurred in this District.

17

18                    **III.  <u>GENERAL ALLEGATIONS</u>**

19          3.      This case arises out of Citibank's business practice of reviewing its

20   delinquent credit card accounts during its end-of-billing-cycle review process,

21   targeting selected cardholders for rate increases as a result of such review, and

22   selectively imposing *backdated* rate increases on certain of its existing

23   cardholders.  Citibank implements this practice by conducting its end-of-billing-

24   cycle review of credit agency reports and account activity pertinent to the account,

25   making its decision whether or not to increase the interest rates and finance

26   charges for the billing cycle just ended, and in the event it decides to impose a rate

27   increase, *backdating the effective date of its rate increases* to the first day of the

28   billing cycle just ended and *recalculating finance charges* at such higher rate.

Second Amended Complaint

1   This practice violates Federal Truth-in-Lending Regulations, specifically 12

2   C.F.R. § 226.9(c) which requires notice of a rate increase to be given *before* the

3   date from which it takes effect.  As a result of this practice, customers whose rates

4   have been increased as a result of Citibank's end-of-billing-cycle review process

5   are totally unaware of the higher interest rates and finance charges for at least a

6   full month from the effective date of such increases, at which point they are

7   helpless to do anything about them.

8       4.      Citibank imposes these selective rate increases without warning or

9   advance notice, based on a highly secret and confidential methodology which

10  includes specific formulas whose details are not made public, not disclosed to its

11  cardholders, not included in its Cardmember Agreements, and not otherwise

12  explained by Citibank to its cardmembers.  As a result of such unannounced rate

13  increases, many Citibank customers who reasonably believed, throughout a billing

14  cycle, that they were being charged at the agreed upon rate shown on their

15  previous billing statement, suddenly find themselves billed at a higher rate and

16  assessed more finance charges than they expected for the billing cycle just ended.

17      5.      Citibank's practice of *retroactively* increasing interest rates and

18  finance charges *without warning or advance notice* has proven immensely

19  profitable to Citibank, but is completely unfair to consumers.  Because these

20  increases are *backdated* by a whole month, customers cannot find out about them

21  until at least one month's interest has been assessed at a new, higher rate.  For

22  example, a cardmember with a $10,000 balance whose interest rate was 7.99% for

23  the past several months could suddenly find, upon reviewing a new billing

24  statement, that Citibank had increased his or her rate to 24.99% for the billing

25  cycle just ended, resulting in the instantaneous imposition of an additional

26  $140.00 in finance charges for the billing cycle.

27      6.      In the above example, the rate increase is completely unfair,

28  improper, and illegal in that it violates applicable Federal Truth-in-Lending

3

Second Amended Complaint

1  regulations, is unilaterally imposed *without warning or advance notice*, operates

2  *retroactively*, and is based on *secret formulas* known only to Citibank.

3  Furthermore, while Citibank represents in its Cardmember Agreement that it

4  calculates its finance charges by compounding interest on a daily basis, when it

5  imposes a rate increase, it effectively *recomputes the finance charges* that have

6  already accrued to the account during the cycle at a higher rate, instantaneously

7  creating an additional lump sum of finance charges that did not exist the moment

8  before the rate increase.

9         7.    By increasing the rate of interest at the end of a billing cycle but

10  backdating the effective date of the increase to the beginning of the cycle,

11  Citibank not only creates an instantaneous lump sum finance charge that did not

12  exist the moment before the increase, it also denies a customer the opportunity to

13  pay off or transfer account balances to obtain a better rate of interest, or otherwise

14  mitigate the impact of the rate increase.  Such additional finance charges are in the

15  nature of an illegal penalty.  In effect, Citibank has carried out a scheme designed

16  to deliberately cheat a large number of consumers out of individually small sums

17  of money.

18         8.    As a result of the *backdated rate increases without warning or*

19  *advance notice* described above, Citibank wrongfully imposed illegal, unfair,

20  unconscionable, and punitive rate increases and finance charges in the nature of

21  illegal penalties, on thousands of customers' accounts, in a manner that

22  intentionally denied them the ability to reject such increases or mitigate their

23  impact.  Plaintiff is informed and believes that the total damages arising as a result

24  of the conduct alleged herein are in excess of $5,000,000.00.

25

26  ## IV.  CLASS ALLEGATIONS

27         9.    Plaintiff brings this action on behalf of herself and all others similarly

28  situated (the "plaintiff class"), pursuant to Rule 23(a) and (b)(3) of the Federal

1   Rules of Civil Procedure, Rule 23(a) and (b)(2) of the Federal Rules of Civil

2   Procedure, or other applicable law, defined as follows:

3           All customers who, between May 5, 2002 and the present, had a

4           credit card account with Citibank (South Dakota), N.A. or its

5           predecessor Citibank USA, National Association, and who paid

6           periodic finance charges that were assessed from the beginning of a

7           billing period in which the periodic rate was increased as a result of a

8           default or delinquency that occurred before August 20, 2009.

9           10.    This action has been brought and may properly be maintained as a

10  class action, satisfying the numerosity, commonality, typicality, adequacy, and

11  superiority requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil

12  Procedure or other applicable law, because:

13          a)      Individual joinder of class members is impracticable.  Plaintiff is

14  informed and believes and thereon alleges that the class consists of at least

15  thousands of persons.

16          b)      Common questions of law and fact exist as to all members of the class

17  that predominate over any question that affects only individual class members.

18  These common questions of law and fact include, without limitation:

19              1)    whether Citibank increased interest rates and finance charges

20  for a selected group of its cardholders who were identified through its end-of-

21  billing-cycle account reviews;

22              2)    whether the interest rate increases and additional finance

23  charges Citibank imposed as a result of its end-of-billing-cycle account reviews

24  were based on a methodology and set of formulas whose details are not made

25  public, disclosed to its cardholders, included in its Cardmember Agreements, or

26  otherwise explained by Citibank to its cardmembers;

27              3)    whether such interest rate increases and additional finance

28  charges were unilaterally imposed by Citibank without warning or advance notice;

Second Amended Complaint

4)      whether the effective dates of such interest rate increases were backdated to the beginning of the billing cycle for which they were imposed;

5)      whether the manner in which Citibank imposed such rate and finance charge increases denied cardholders the opportunity to avoid the impact of such increases by paying off or transferring account balances, or otherwise mitigating the impact of the increases;

6)      whether Citibank violated federal Truth-in-Lending Regulations in backdating the effective dates of such rate and finance charge increases;

7)      whether Citibank's retroactive interest rate increases and the resultant additional finance charges as described above constituted an illegal penalty;

8)      whether Citibank's retroactive interest rate increases and the resultant additional finance charges were unconscionable;

9)      whether Citibank is liable for violation of state Consumer Protection Laws; and

10)     whether Citibank is liable for unlawful, unfair and deceptive business practices.

c)      Plaintiff's claims are typical of the claims of plaintiff class members because Plaintiff has or has had a credit card account with Citibank, and during the relevant period paid periodic finance charges that were assessed from the beginning of a billing period in which the periodic rate was increased as a result of a default or delinquency that occurred before August 20, 2009.  Plaintiff suffered the same type of damages in the form of excess interest and finance charges that other plaintiff class members suffered.  Specifically, for the billing period ending September 20, 2005, Citibank assessed interest charges for purchases at a rate of 15.9% against Plaintiff.  Plaintiff's billing statement dated September 20, 2005 provided no indication that the rate would change for the following billing cycle.

Second Amended Complaint

1    However, for the following billing cycle ending October 19, 2005, as a result of

2    Citibank's end-of-billing-cycle review process, Citibank decided to increase

3    Plaintiff's interest rate for purchases to 30.74%. This new, higher rate first

4    appeared on Plaintiff's billing statement dated October 19, 2005, but with an

5    effective date for the increase backdated to September 21, 2005. Citibank

6    provided no advance notice of the backdated interest rate increase prior to its

7    effective date of September 21, 2005, which resulted in additional lump sum

8    finance charges of approximately $68.00 being created for the billing cycle ending

9    October 19, 2005 at the moment the rate increase was imposed. This is an unfair

10   and deceptive billing practice and unlawful in that it violates Federal Truth-in-

11   Lending regulations.

12        d)    Plaintiff is an adequate representative of the plaintiff class because

13   she shares the same interests as all plaintiff class members and because her claims

14   and losses in terms of backdated interest rate and finance charge increases without

15   warning or advance notice are typical of those of the plaintiff class members.

16   Plaintiff has retained competent counsel who are experienced in class action

17   litigation and who will fairly and adequately protect the interests of plaintiff class

18   members.

19        e)    A class action is superior to other available methods for the fair and

20   efficient adjudication of this litigation, since individual joinder of all customers of

21   Citibank whose interest rates and finance charges were increased in the

22   circumstances described herein, is impracticable. Such consumers' losses are

23   modest in relation to the expense and burden of individual prosecution of the

24   litigation necessitated by the defendant's wrongful conduct. It would be virtually

25   impossible for plaintiff class members to efficiently redress their wrongs

26   individually. Even if all plaintiff class members themselves could afford such

27   individual litigation, the Court system would benefit from a class action.

28   Individualized litigation would present the potential for inconsistent or

7

Second Amended Complaint

1  contradictory judgments.  Individualized litigation would also magnify the delay

2  and expense to all parties and to the Court system presented by the issues of the

3  case.  By contrast, the class action device presents far fewer management

4  difficulties and provides the benefit of comprehensive supervision by a single

5  Court, as well as economy of scale and expense.

6          f)      Citibank has acted on grounds generally applicable to all the members

7  of the class, thereby also making final injunctive relief or declaratory relief

8  concerning the class as a whole appropriate, pursuant to Federal Rules of Civil

9  Procedure, Rule 23(b)(2) or other applicable law.

10         11.    Plaintiff proposes that notice of this class action be provided by

11  notices included with or on class members' periodic billing statements, by

12  publication on the Internet, and by publication in a national publication.

13

14  **FIRST CAUSE OF ACTION**

15  **FOR VIOLATION OF TRUTH-IN-LENDING REGULATIONS**

16  **(12 C.F.R. § 226.9(c))**

17  **(Asserted by Plaintiff, on behalf of all plaintiff class members, against all**

18  **defendants)**

19         12.    Plaintiff repeats, reiterates, and realleges each and every allegation

20  contained in the preceding paragraphs of this complaint.

21         13.    Congress enacted the Truth-in-Lending Act ("TILA") to enhance

22  economic stabilization and promote competition by ensuring that consumers are

23  provided "meaningful disclosure of credit terms" and protected "against inaccurate

24  and unfair credit billing and credit card practices." *See* 15 U.S.C. § 1601(a).

25         14.    Congress empowered and directed the Federal Reserve Board to

26  promulgate regulations that implement the TILA. *See* 15 U.S.C. § 1604(a).

27         15.    The Board promulgated regulations that, *inter alia*, required Citibank

28  to give notice of any interest rate increase before the increase took effect. *See* 12

C.F.R. § 226.9(c)(1) ("notice shall be given, however, before the effective date of the change."); *see also*, 12 C.F.R. § 226.6 (the terms for which a change triggers the notice requirement under § 226.9(c)(1) include finance charges). Citibank violated this requirement when it retroactively increased the interest rates on Plaintiff's and the class members' credit cards because it did not give notice of the changes before they went into effect.

16.     This notice requirement is further described in Comment 3 of the Official Staff Interpretations of Regulation Z (12 C.F.R. part 226 Supp. I, Official Commentary to §226.9(c)(1)) ("a notice of change in terms is required, but it may be mailed or delivered as late as the effective date of the change . . . If there is an increased periodic rate or any other finance charge attributable to the consumer's delinquency or default. ....")

17.     Citibank's conduct violated the above TILA requirements, which renders it liable to Plaintiff and the class for actual damages, statutory damages, costs and attorneys' fees. *See* 15 U.S.C. § 1640(a).

## SECOND CAUSE OF ACTION
## FOR VIOLATION OF STATE CONSUMER PROTECTION LAWS
### (Unlawful, unfair and deceptive business acts and practices)
### (Asserted by Plaintiff, on behalf of all plaintiff class members, against all defendants)

18.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs of this complaint.

19.     Citibank's actions toward Plaintiff and plaintiff class members, as set forth above, constitute unlawful, unfair and deceptive business acts or practices in violation of applicable law, including the consumer protection laws of all 50 States and the District of Columbia, including but not limited to the Alabama Deceptive Trade Practices Act (Ala. Code §§ 8-19-1 through 8-19-15); the Alaska

1   Unfair Trade Practices and Consumer Protection Act (Alaska Stat. §§ 45.50.471

2   through 45.50.561); the Arizona Consumer Fraud Act (Ariz. Rev. Stat. Ann. §§

3   44-1521 through 44-1534); the Arkansas Deceptive Trade Practices Act (Ark.

4   Code Ann. §§ 4-88-101 through 4-88-207); the California Unfair Competition

5   Law (Cal. Bus. & Prof. Code §§ 17200 through 17594); the California Consumers

6   Legal Remedies Act (Cal. Civ. Code §§ 1750 through 1785); the Colorado

7   Consumer Protection Act (Colo. Rev. Stat. §§ 6-1-101 through 6-1-115); the

8   Connecticut Unfair Trade Practices Act (Conn. Gen. Stat. §§ 42-110a through 42-

9   110q); the District of Columbia Consumer Protection Procedures Act (D.C. Code

10  §§ 28-3901 through 28-3913); the Delaware Consumer Fraud Act (6 Del. Code §§

11  2511 through 2527, 2580 through 2584); the Florida Deceptive and Unfair Trade

12  Practices Act (Fla. Stat. §§ 501.201 through 501.213); the Georgia Fair Business

13  Practices Act (Ga. Code Ann. §§ 10-1-390 through 10-1-407); the Hawaii Unfair

14  and Deceptive Practices Act (Haw. Rev. Stat. §§ 480-1 through 480-24); the Idaho

15  Consumer Protection Act (Idaho Code Ann. §§ 48-601 through 48-619); the

16  Illinois Consumer Fraud and Deceptive Business Practices Act (815 Ill. Comp.

17  Stat. 505/1 through 505/12); the Indiana Deceptive Consumer Sales Act (Ind.

18  Code §§ 24-5-0.5-1 through 24-5-0.5-12); the Iowa Consumer Fraud Act (Iowa

19  Code §§ 714.16 through 714.16A); the Kansas Consumer Protection Act (Kan.

20  Stat. Ann. §§ 50-623 through 50-640 and 50-675a through 50-679a); the Kentucky

21  Consumer Protection Act (Ky. Rev. Stat. Ann. §§ 367.110 through 367.990); the

22  Louisiana Unfair Trade Practices and Consumer Protection Law (La. Rev. Stat.

23  Ann. §§ 51:1401 through 51:1420); the Maine Unfair Trade Practices Act (Me.

24  Rev. Stat. Ann. tit. 5, §§ 205A through 214); the Maryland Consumer Protection

25  Act (Md. Code Ann., Com. Law §§ 13-101 through 13-501); the Massachusetts

26  Regulation of Business Practice and Consumer Protection Act (Mass. Gen. Laws

27  Ann. ch. 93A, §§ 1 through 11); the Michigan Consumer Protection Act (Mich.

28  Comp. Laws §§ 445.901 through 445.922); the Minnesota False Statements in

1  Advertising Act (Minn. Stat. § 325F.67); the Minnesota Prevention of Consumer

2  Fraud Act (Minn. Stat. §§ 325F.68 through 325F.70); the Mississippi Consumer

3  Protection Act (Miss. Code Ann. §§ 75-24-1 through 75-24-27); the Missouri

4  Merchandising Practices Act (Mo. Rev. Stat. §§ 407.010 through 407.307); the

5  Montana Unfair Trade Practices and Consumer Protection Act (Mont. Code Ann.

6  §§ 30-14-101 through 30-14-142); the Nebraska Consumer Protection Act (Neb.

7  Rev. Stat. §§ 59-1601 through 59-1623); the Nevada Trade Regulation and

8  Practices Act (Nev. Rev. Stat. §§ 598.0903 through 598.0999); the New

9  Hampshire Consumer Protection Act (N.H. Rev. Stat. Ann. §§ 358-A:1 through

10  358-A:13); the New Jersey Consumer Fraud Act (N.J. Stat. Ann. §§ 56:8-1

11  through 56:8-91); the New Mexico Unfair Practices Act (N.M. Stat. §§ 57-12-1

12  through 57-12-22); the New York Consumer Protection Act (N.Y. Gen. Bus. Law

13  §§ 349 and 350); the North Carolina Consumer Protection Act (N.C. Gen. Stat. §§

14  75-1.1 through 75-35); the North Dakota Unlawful Sales and Advertising

15  Practices Act (N.D. Cent. Code §§ 51-15-01 through 51-15-11); the Ohio

16  Consumer Sales PracticesAct (Ohio Rev. Code Ann. §§ 1345.01 through

17  1345.13); the Oklahoma Consumer Protection Act (Okla. Stat. tit. 15, §§ 751

18  through 763); the Oregon Unlawful Trade Practices Law (Or. Rev. Stat. §§

19  646.605 through 646.656); the Pennsylvania Unfair Trade Practices and Consumer

20  Protection Law (73 Pa. Stat. Ann. §§ 201-1 through 201-9.3); the Rhode Island

21  Unfair Trade Practice and Consumer Protection Act (R.I. Gen. Laws §§ 6-13.1-1

22  through 6-13.1-27); the South Carolina Unfair Trade Practices Act (S.C. Code

23  Ann. §§ 39-5-10 through 39-5-160); the South Dakota Deceptive Trade Practices

24  and Consumer Protection Law (S.D. Codified Laws §§ 37-24-1 through 37-24-

25  35); the Tennessee Consumer Protection Act (Tenn. Code Ann. §§ 47-18-101

26  through 47-18-125); the Texas Deceptive Trade Practices–Consumer Protection

27  Act (Tex. Bus. & Com. Code Ann. §§ 17.41 through 17.63); the Utah Consumer

28  Sales Practices Act (Utah Code Ann. §§ 13-11-1 through 13-11-23); the Vermont

Second Amended Complaint

1   Consumer Fraud Act (Vt. Stat. Ann. tit. 9, §§ 2451 through 2480g); the Virginia

2   Consumer Protection Act (Va. Code Ann. §§ 59.1-196 through 59.1-207); the

3   Washington Consumer Protection Act (Wash. Rev. Code §§ 19.86.010 through

4   19.86.920); the West Virginia Consumer Credit And Protection Act (W. Va. Code

5   §§ 46A-6-101 through 46A-6-110); the Wisconsin Fraudulent Representations Act

6   (Wis. Stat. § 100.18); the Wisconsin Unfair Business Practices Law (Wis. Stat. §§

7   100.20 through 100.264); and the Wyoming Consumer Protection Act (Wyo. Stat.

8   Ann.§§ 40-12-101 through 40-12-114) and any amendments and re-enactments

9   thereof (hereinafter, the "State Consumer Protection Laws").

10      20.  The aforementioned State Consumer Protection Laws contain

11   substantially similar provisions against unfair methods of competition and

12   unlawful, unfair or deceptive acts or practices undertaken by any person in a

13   transaction intended to result or which results in the sale or lease of goods or

14   services to a consumer, including prohibitions against falsely representing the

15   characteristics, ingredients, uses, benefits, or quantities of the subject of a

16   consumer transaction and against unconscionable contract provisions.

17      21.   In particular, the following acts, among others, constitute unlawful,

18   unfair and deceptive business acts and practices:

19      a)    Citibank's contractual provisions, which purport to allow retroactive

20      increases of interest rates and finance charges without warning or advance

21      notice, are unconscionable.  The inclusion of an unconscionable provision

22      in a contract is an unfair and deceptive act or practice under applicable State

23      Consumer Protection Laws.

24      b)    Citibank sends its customers monthly billing statements which

25      purport to represent the interest rates currently being charged as of the

26      statement dates.  However, for those customers who subsequently receive a

27      backdated rate increase, this representation is false.  Citibank thus falsely

28      represents the characteristics of its services, which is an unfair and

12

Second Amended Complaint

1    deceptive practice under applicable State Consumer Protection Laws.

2    c)    Citibank's contractual provisions purporting to allow the creation of
3    instantaneous lump sum finance charges as a result of an unannounced rate
4    increase are unconscionable and in the nature of an illegal penalty.  This is
5    an unfair and deceptive practice under applicable State Consumer Protection
6    Laws.

7    d)    Citibank represents that it calculates its finance charges throughout
8    the month by compounding interest on a daily basis.  These representations
9    are false for class members.  In the event of an end-of-billing-cycle rate
10   increase, Citibank backdates the rate increase and recomputes these finance
11   charges using the higher rates.  This is an unfair and deceptive practice
12   under applicable State Consumer Protection Laws.

13   e)    Citibank's violation of applicable Truth-in-Lending regulations, as
14   alleged hereinabove, constitutes an unlawful, unfair and deceptive practice
15   under applicable State Consumer Protection Laws.

16   22.    Plaintiff is informed and believes and thereon alleges that the above
17   described unlawful, unfair and deceptive practices were willfully and intentionally
18   adopted by Citibank in order to mislead its customers as to the interest rates and
19   finance charges they were being charged; to effectively deny cardmembers the
20   ability to mitigate the impact of Citibank's backdated rate increases from its end-
21   of-billing-cycle account reviews; to permit the imposition of illegal penalties; and
22   to enhance defendant's income through the imposition of unfair retroactive
23   interest rate and finance charge increases.

24   23.    The above practices constituted a scheme by Citibank to deliberately
25   cheat a large number of customers out of individually small sums of money.

26   24.    Plaintiff served her initial complaint on Defendant on May 22, 2006.
27   In addition, on May 5, 2006, plaintiff provided defendant with written notice of
28   her and the class's claims, via U.S. certified mail, return receipt requested, and

1   demanded that, within 30 days, Defendant correct, repair, replace or otherwise

2   rectify the unfair and deceptive practices complained of herein. Defendant failed

3   to do so or agree to do so.

4           25.     Defendant's actions, as set forth above, are unlawful, immoral,

5   unethical, oppressive, unscrupulous and substantially injurious to consumers, and

6   constitute unlawful, unfair and deceptive business acts and practices under

7   applicable State Consumer Protection Laws.  In particular, Defendant's actions in

8   (a) conducting end-of-billing-cycle account reviews, (b) targeting selected

9   cardholders for rate increases, (c) imposing such increases *retroactively*, without

10  warning or advance notice, (d) recalculating the interest already accrued on a daily

11  basis using a higher rate, (e) creating instantaneous additional finance charges

12  while preventing a cardmember from doing anything about it, (f) in violation of

13  applicable Truth-in-Lending regulations and (g) using an end-of-billing-cycle

14  review process that Citibank does not disclose or explain to its cardmembers, are

15  unlawful, unfair and deceptive business practices.

16          26.     As an example of the misleading nature of Defendant's actions,

17  consider a customer who begins his April billing cycle with a 7.99% rate of

18  interest.  Assuming Citibank makes no change in the rate at its end-of-billing-

19  cycle account review, the customer is charged exactly the 7.99% he expects to be

20  charged.  However, if Citibank decides, based on account activity during the April

21  billing cycle, to increase the rate to 25.99%, and backdates the increase to the

22  beginning of the April cycle, an additional lump sum finance charge is created the

23  moment Citibank applies the increased rate.  As a result, the customer ends up

24  being charged a higher rate of interest and substantially greater finance charges

25  than he was led to believe he would incur throughout the April billing cycle.  As

26  well as violating applicable regulations, this is an unfair and deceptive business

27  practice, since the customer would have no way of knowing that Citibank would

28  increase his rates until after the April statement is issued, by which time it would

14

1    be too late for him to do anything about it.

2         27.    Plaintiff and plaintiff class members have suffered injury in fact and

3    have lost money as a direct and proximate result of such unlawful, unfair and

4    deceptive business practices and have sustained damages in an amount to be

5    proven at trial.

6         28.    Unless Defendant is enjoined from continuing to engage in the

7    unlawful, unfair and deceptive acts and practices as described herein, members of

8    the class will continue to be damaged thereby.

9         29.    Defendant, through its unlawful, unfair and deceptive practices, has

10   acquired money from members of the class in terms of excess interest and finance

11   charges.

12        30.    Such conduct is ongoing and continues to this date.  Plaintiff and

13   plaintiff class members are therefore entitled to the relief described below.

14

15        **WHEREFORE**, Plaintiff demands judgment on her behalf and on behalf of

16   the Class as follows:

17

18        1.    On all causes of action, an award of damages in an amount to be

19   determined at trial.

20        2.    On the first cause of action, for an additional award of statutory

21   damages pursuant to 15 U.S.C. § 1640(a)(2)(B).

22        3.    On the second cause of action, for an additional award of statutory

23   damages as provided by the applicable State Consumer Protection Laws.

24        4.    On the second cause of action, for an award of restitution and/or

25   disgorgement in an amount to be determined at trial.

26        5.    On all causes of action, for injunctive relief.

27        6.    On all causes of action, the costs of suit, including, but not limited to,

28   attorneys' fees.

1      7.     Such other and further relief as may be just and proper.

2

3    DATED: April 22, 2010                    Respectfully Submitted,

4                                             LAW OFFICES OF BARRY L. KRAMER

5

6

7

8                                     By:   /S/- Barry L. Kramer

9                                           Attorney for Plaintiff Laura Hoffman

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Second Amended Complaint