**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAURA HOFFMAN, an individual, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>CITIBANK (SOUTH DAKOTA), N.A., and DOES 1 through 10, inclusive,<br><br>        Defendant. | **Case No. SACV 06-571 AG(MLGx)**<br><br>**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND CONDITIONALLY CERTIFYING SETTLEMENT CLASS AND APPOINTING CLASS COUNSEL** |

1        WHEREAS the parties to this action, plaintiff Laura Hofffman ("Plaintiff") and defendant Citibank (South Dakota), N.A. ("Citibank"), have agreed, subject to Court approval following notice to the proposed Settlement Class (as described in Paragraph 5 below) and a hearing, to settle this action upon the terms and conditions set forth in the Settlement Agreement lodged with this Court; and

        WHEREAS, for purposes of this Order, capitalized terms shall have the meaning ascribed to them in the Settlement Agreement;

        NOW, THEREFORE, based upon this Court's review of the Settlement Agreement and all of the files, records, and proceedings herein, and it appearing to the Court, upon preliminary examination, that the Settlement Agreement and settlement appear fair, reasonable, and adequate, and within the range of possible approval, and that a hearing should and will be held after notice to the Settlement Class (as described in Paragraph 5 below) to confirm that the Settlement Agreement and settlement are fair, reasonable and adequate and to determine whether the settlement should be approved and final judgment entered in this action based upon the Settlement Agreement;

        IT IS HEREBY ORDERED THAT:

**1.     Preliminary Approval of Proposed Settlement.**  The Settlement Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable and adequate and within the range of possible approval.  The Court finds that: (a) the Settlement Agreement resulted from extensive arm's length negotiations; and (b) the Settlement Agreement is sufficient to warrant notice thereof to Settlement Class Members and a full hearing on the approval of the Settlement.

**2.     Class Certification for Settlement Purposes.**  Pursuant to Federal Rule of Civil Procedure 23(c), the Court conditionally certifies, for settlement purposes only, the following Settlement Class:

> All customers who, between May 5, 2002 and the date of this Order, had a credit card account with Citibank (South Dakota), N.A. or its predecessor Citibank USA, National Association, and who paid periodic finance charges that were assessed from the beginning of a billing period in which the periodic rate was increased as a result of a default or delinquency that occurred before August 20, 2009.

In connection with this conditional certification, the Court makes the following preliminary findings:

(a) The members of the Settlement Class appear to be so numerous that joinder of all members is impracticable;

(b) There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether this settlement should be approved;

(c) The claims of plaintiff Laura Hoffman ("Plaintiff") appear to be typical of the claims being resolved through the proposed settlement;

(d) Plaintiff appears to be capable of fairly and adequately protecting the interests of the Settlement Class Members in connection with the proposed settlement;

(e) For purposes of determining whether the settlement is fair, reasonable and adequate, common questions of law and fact appear to predominate over questions affecting only individual Settlement Class Members. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation;

(f) For purposes of settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class Members.

Plaintiff is designated as class representative for the Settlement Class.

**3. Class Counsel.** The Court appoints Barry L. Kramer, Law Offices of Barry L. Kramer, as counsel for the Settlement Class. The Court finds that counsel is competent and capable of exercising all responsibilities as Class Counsel.

**4. Settlement Hearing.** A final approval hearing (the "Settlement Hearing") shall be held before the Honorable Andrew J. Guilford, Courtroom 10D, Ronald Reagan Federal Building and U.S. Courthouse, 411 West Fourth Street, Santa Ana, California 92701-4516, on December 13, 2010, at 10:00 a.m., as set forth in the notice to the Settlement Class (described in Paragraph 5 below), to determine whether the Settlement Agreement is fair, reasonable and adequate and should be approved. Papers in support of final approval of the Settlement Agreement, the incentive award to Plaintiff and Class Counsel's application for an award of attorneys' fees, costs and expenses (the "Fee Application") shall be filed with the Court according to the schedule set forth in Paragraph 11 below. The Settlement Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class. After the Settlement Hearing, the Court may enter a settlement order and final judgment in accordance with the Settlement Agreement that will adjudicate the rights of the Settlement Class Members with respect to the claims being settled.

**5. Class Notice.** Class Notice shall be provided by Citibank, its designee and/or a third-party settlement administrator selected at Citibank's sole discretion, within one hundred twenty (120) days following entry of this Order.

(a) **Summary Statement Notice.** Citibank shall provide individual notice to all Persons in the Settlement Class to whom Citibank mails or delivers a periodic statement in the month (or billing period) in which the mailing or delivery will occur as to the particular portfolio at issue. At Citibank's sole discretion, the notice may be through a statement message included on the

-3-

1 statement, a billing insert accompanying the statement, a solo mailing or a
2 combination thereof.  The Statement Notice shall direct recipients to the location
3 of the Internet Notice and Claim Form.  If mailed, the Statement Notice shall be
4 mailed to the then-current address reflected in Citibank's computerized account
5 records.  No skip tracing or re-mailing of returned mail will be required.  The
6 Statement Notice shall be substantially in the form of Exhibit C to the Settlement
7 Agreement.

8       (b) **Publication Notice.**  Citibank shall publish a summary notice
9 of the settlement one time in a national edition of USA Today.  The Publication
10 Notice shall direct Settlement Class Members to the location of the Internet Notice
11 and Claim Form.  The Publication Notice shall be substantially in the form of
12 Exhibit D to the Settlement Agreement.

13       (c) **Internet Notice.**  Citibank shall establish a settlement web page
14 (which shall be distinct from and not linked to any websites belonging to Citibank)
15 which will publish, and make available for download, a full-length, downloadable
16 form of the Settlement Agreement, Internet Notice and Claim Form.  The domain
17 name of the website shall be selected by Citibank.  The settlement web page will
18 be established within one hundred twenty (120) days after the Court's entry of the
19 Preliminary Approval Order and before either the Statement Notice is mailed or the
20 Publication Notice is published and shall remain active at least until the date of the
21 Final Approval Hearing and through the end of the Claim Period.  The Internet
22 Notice shall be substantially in the form of Exhibit B to the Settlement Agreement.

23    **6.** **Findings Concerning Class Notice.**  The Court finds that the
24 foregoing program of class notice and the manner of its dissemination is the best
25 practicable notice under the circumstances and is reasonably calculated, under all
26 the circumstances, to apprise Settlement Class Members of the pendency of this
27 action and their right to object to or exclude themselves from the Settlement Class.
28

1  The Court further finds that the class notice program is reasonable, that it
2  constitutes due, adequate and sufficient notice to all persons entitled to receive
3  notice and that it meets the requirements of due process and Federal Rule of Civil
4  Procedure 23.

5  **7. Approval of Claims Process.** The Claim Form and the claims
6  submission process described in the Settlement Agreement are hereby approved.

7  **8. Second Amended Complaint.** Plaintiff's proposed Second Amended
8  Complaint is deemed filed, served and controverted as of the date of this Order.

9  **9. Exclusion from Settlement Class.** Each Settlement Class Member
10 who wishes to be excluded from the Settlement Class and follows the procedures
11 set forth in this Paragraph shall be excluded. Any potential member of the
12 Settlement Class must mail a written request for exclusion, in the form and to the
13 address specified in the Internet Notice. All such written requests must be
14 postmarked by November 8, 2010 [OPT-OUT DEADLINE]. All persons who
15 properly make requests for exclusion from the Settlement Class shall not be
16 Settlement Class Members and shall have no rights with respect to the settlement,
17 should it be approved.

18  **10. Objections and Appearances.**

19  (a) **Written Objections.** Any potential member of the Settlement
20 Class who has not timely submitted a written request for exclusion from the
21 Settlement Class, and thus is a Settlement Class Member, may object to the
22 fairness, reasonableness or adequacy of the settlement or the Fee Application.
23 Settlement Class Members may do so either on their own or through counsel hired
24 at their own expense. Any Settlement Class Member who wishes to object to the
25 settlement or the Fee Application must, on or before November 8, 2010
26 [OBJECTION DEADLINE], file a written objection with the Court and serve
27 copies on: (i) Class Counsel -- Barry L. Kramer, Law Offices of Barry L. Kramer,
28

-5-

12428 Promontory Road, Los Angeles, California 90049; and (ii) counsel for Citibank -- Julia B. Strickland, Stroock & Stroock & Lavan LLP, 2029 Century Park East, 16th Floor, Los Angeles, CA 90067.   Comments or objections must be filed and served on Class Counsel and Citibank's counsel not later than November 8, 2010  [OBJECTION DEADLINE].  Any objection that is not timely filed and served shall be forever barred.

    (b) **Appearance at Settlement Hearing.**  Any Settlement Class Member who timely files and serves a written objection may also appear at the Settlement Hearing, either in person or through counsel hired at the Settlement Class Member's expense, to object to the fairness, reasonableness or adequacy of the settlement or the Fee Application.  Settlement Class Members or their counsel intending to appear at the Settlement Hearing must file with the Court and serve on Class Counsel and Citibank's counsel at the addresses listed above, no later than November 8, 2010  [OBJECTION DEADLINE], a notice of intention to appear setting forth: (i) the name and address of the Settlement Class Member (and, if applicable, the name, address and telephone number of the Settlement Class Member's attorney); and (ii) the objection, including any papers in support thereof.  Any Settlement Class Member who does not timely file and serve a written objection and the notice of intention to appear by November 8, 2010 [OBJECTION DEADLINE], shall not be permitted to object or appear at the Settlement Hearing and shall be bound by all proceedings, orders and judgments of the Court.

  **11.** **Further Papers in Support of Settlement and Fee Application.**  Any responses to objections to the Settlement Agreement and any papers in support of the Settlement and Fee Application shall be filed with the Court on or before November 30, 2010 [DEADLINE TO FILE SUPPORTING PAPERS].

  **12.** **Effect of Failure to Approve the Settlement Agreement.**  In the event the Settlement Agreement is not approved by the Court, or for any reason the

-6-

parties fail to obtain a Final Judgment as contemplated in the Settlement Agreement, or the Settlement Agreement is terminated pursuant to its terms for any reason, then the following shall apply:

(a) All orders and findings entered in connection with the Settlement Agreement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b) The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically and void; no doctrine of waiver, estoppel or preclusion shall be asserted in any litigated certification proceedings in the Action; and the Settlement Agreement and its existence shall be inadmissible to establish any fact relevant to class certification or any alleged liability of Citibank for the matters alleged in the Actions or for any other purpose;

(c) Nothing contained in this Order is, or may be construed as, any admission or concession by or against Citibank or Plaintiff on any point of fact or law; and

(d) Neither the settlement terms nor any publicly disseminated information regarding the settlement, including, without limitation, the class notices, court filings, orders and public statements, may be used as evidence for any purpose whatsoever.  In addition, neither the fact of, nor any documents relating to, Citibank's withdrawal from the settlement, any failure of the Court to approve the settlement and/or any objections or interventions may be used as evidence for any purpose whatsoever.

1      **13.    Stay of Proceedings.**  All proceedings in this action are stayed until
2  further order of the Court, except as may be necessary to implement the terms of
3  the settlement.  Pending final determination of whether the settlement should be
4  approved, neither Plaintiff nor any Settlement Class Member, either directly,
5  representatively or in any other capacity, shall commence or prosecute against any
6  of the Released Parties any action or proceeding in any court or tribunal asserting
7  any of the Released Claims.

8      **IT IS SO ORDERED.**

10  Dated: May 24, 2010                            _____
11                                                 The Honorable Andrew J. Guilford
12                                                 United States District Judge

-8-