1   Barry L. Kramer,  Bar No. 61772
    *kramerlaw@aol.com*
2   Law Offices of Barry L. Kramer
    12428 Promontory Road
3   Los Angeles, California 90049
    Telephone: (310) 440-9761
4
5   Attorneys for Plaintiff Laura Hoffman

6

7

8                    **UNITED STATES DISTRICT COURT**

9        **CENTRAL DISTRICT OF CALIFORNIA -- SOUTHERN DIVISION**

10  LAURA HOFFMAN, an individual, on )   Case No. SACV-06-571-AJG(MLGx)
    behalf of herself and all others )
11  similarly situated,              )   **CLASS ACTION**
                                     )
12                     Plaintiff,    )   **DECLARATION OF BARRY L.**
                                     )   **KRAMER IN SUPPORT OF**
13  vs.                              )   **MOTION FOR FINAL APPROVAL**
                                     )   **OF SETTLEMENT**
14  CITIBANK (SOUTH DAKOTA),         )
    N.A., and DOES 1 through 10,     )   Date: December 13, 2010
15  inclusive,                       )   Time: 10:00 a.m.
                                     )   Ctrm: 10D
16                     Defendants.   )
                                     )   Assigned to the Honorable Andrew J.
17  _____ )     Guilford, Courtroom 10D

18                                       Action Filed:    May 5, 2006
                                         Trial Date:      Not set
19

20         I, Barry L. Kramer, declare as follows:

21         1.  I am an attorney, qualified to practice law before all courts in the State of

22  California.  My law firm is Law Offices of Barry L. Kramer, counsel for Plaintiff

23  in this action.  I make this Declaration in support of Plaintiff's motion for final

24  approval of the class action Settlement Agreement with Citibank.  (A copy of this

25  Agreement was attached as Exhibit 1 to my Declaration in support of Plaintiff's

26  motion for preliminary approval of the settlement.)  The following facts are true of

27  my own personal knowledge and if called upon to do so, I could and would testify

28  competently hereto under oath.

                                         1

2.  This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on November 19, 2010, during which Defendant indicated it will not oppose the substance of Plaintiff's Motion.

3.  I am experienced in both deceptive trade practices and class action law, and have been approved as Class Counsel in numerous federal and state class actions including over a dozen settled cases against credit card lenders.  I have spent a considerable amount of time and effort in litigating this case, and have extensive, specialized knowledge developed over an extended period of time involving the key issues which have a major impact on proceedings in this case. In particular, I was lead counsel in Discover Bank v. Superior Court, 36 Cal. 4th 148 (2005), and am also counsel for Plaintiff James McCoy in the pending U.S. Supreme Court case regarding the propriety of retroactive, default-based rate increases.  I have been extensively involved in litigation involving credit card issuers and credit card problems for the last ten years.  In addition, I have particular expertise with the issues involved herein, having been involved at all stages of the *McCoy, Evans, Swanson* and *Shaner* litigations referenced in Plaintiff's motion, as well as numerous other cases involving the same issues.

4.  I believe that my specialized experience is unique, and was instrumental in achieving the settlement herein, which creates a $10,000,000 fund to be paid out by Citibank, despite the fact that even the Federal Reserve Board, which wrote the Truth in Lending regulation at issue, has directly refuted the position of Plaintiff herein in the *McCoy* case.  In light of all the factors influencing this case, and based on my reasoned judgment and experience, I believe this settlement to be in the best interests of the Settlement Class.

5.  I have been approved as class counsel in the settlement of numerous

Declar. of Barry L. Kramer in Support of Motion for Final Approval of Settlement

federal and state class actions against financial institutions based on their credit card practices.  These cases include the following: <u>Boehr v. Bank of America</u>, case no. CIV-99-2265-PHX (U.S.D.C. Ariz.); <u>Schwartz. v. Citibank</u>, case no. 00-00075 LGB (U.S.D.C. C.D. Cal.); <u>Mayemura. v. Chase Manhattan Bank</u>, case no. 00-00753 LGB (U.S.D.C. CD. Cal.); <u>Klausner v. First Union Direct Bank</u>, case no. 00-04267 LGB (U.S.D.C. C.D. Cal.); <u>Boehr v. American Express</u>, case no. BC256499 (Los Angeles Sup. Ct. - Complex Div.); <u>Shea v. Discover Bank</u>, case no. 00CC12582 (Orange Cty. Sup. Ct.); <u>Edell v. Bank of America</u>, case no. C-20010051 (Pima Cty. Ariz.); <u>Shea v. Household Bank</u>, case no. 00CC12585 (Orange Cty. Sup. Ct.); <u>Zauha & Kaplan v. Chase Manhattan Bank</u>, case no. 05CC00037 (Orange Cty. Sup. Ct.); <u>Leedy v. Wells Fargo Bank, N.A.</u>, case no. SACV 06-311 JVS (U.S.D.C. C.D. Cal.) and <u>Pai v. First Premier Bank</u>, case no. RG06303533 (Alameda Cty. Sup. Ct.), among others.

6.   The Settlement Agreement was achieved only after I (assisted by my former co-counsel herein, the law firm of Strange and Carpenter), undertook considerable efforts, including a number of similar, albeit unsuccessful actions against Citibank.  Among other things, over a period of more than four years, we researched, analyzed and compiled a comprehensive complaint and analysis of potential class damages; opposed the removal of the action to federal court and made a motion to remand; opposed a motion to compel arbitration; researched the law on each cause of action; sought and obtained permission to file an interlocutory appeal of the arbitration issue after the Court's ruling to compel binding, individual arbitration; filed, briefed, and successfully prosecuted an appeal, resulting in a published opinion.  Thereafter, I initiated and conducted extensive discovery into the arbitration issue; prepared and filed two amended complaints; made numerous strategic and tactical decisions in conjunction with rapid and ongoing changes in the law; successfully negotiated this favorable

Declar. of Barry L. Kramer in Support of Motion for Final Approval of Settlement

settlement for the Class after participating in arms' length settlement negotiations; responded to hundreds of inquiries; sought and obtained Preliminary Approval of the Settlement; monitored the notice process; sought and obtained a modification of the Preliminary Approval in order to comply with the Ninth's Circuit recent ruling in *in Re: Mercury Interactive Corp. Securities Litigation,* 618 F.3d 988; and am now seeking Final Approval of the Settlement.

7.  The settlement in this case was reached after intense, extensive negotiations between Citibank's counsel, David W. Moon and Julia B. Strickland of Stroock & Stroock & Lavan, LLP, and myself to resolve all claims relating to or arising from this action on a nationwide basis.  This settlement was vigorously negotiated through extensive arms-length negotiation and through numerous conversations, in-person and telephonic meetings, and informational exchanges to discuss resolving this action, and a formal mediation conducted with Martin Quinn of JAMS.

8.  The Settlement Agreement was reached as a result of those negotiations and informational exchanges, with full knowledge of the potential damages as well as the very substantial and ongoing risks.  The terms of this settlement provide cash benefits to the Settlement Class and in light of the uncertainties of litigation are, I believe, fair, adequate, and reasonable.  Therefore I believe the settlement, negotiated at arms' length, should be approved.

9.  The Settlement Agreement resulted from, and is the product of, hours of meetings, negotiations, and analysis.  While the settlement was reached at a relatively early stage of discovery, Plaintiff engaged in sufficient informal discovery for me to reach the reasoned conclusion that the terms of this settlement are fair to and in the best interests of Settlement Class members.

4

1    10.  Typically, I have found a month's additional backdated finance charge

2    to be under $100 (in Plaintiff's case, it was $68.00).  Thus, based on the numerous

3    areas of uncertainty and in light of the risks of litigation, I believe that the

4    settlement amount available to each claimant, which in this case will be $18.00,

5    bears a reasonable relationship to his or her possible recovery.

6

7    11.  Counsel for Citibank has reported to me that Class Notice has been

8    timely given by Citibank in the form and manner approved by the Court, and that

9    Citibank will file declaration(s) to this effect with the Court by November 30,

10   2010.  I am informed and believe that no solo mailing of Statement Notices took

11   place, but that Citibank included the Summary Statement Notice on all periodic

12   statements it issued during a monthly billing cycle; that Citibank published the

13   Publication Notice in the weekend national edition of USA Today on Friday,

14   August 27, 2010; that on or about July 29, 2010, Citibank provided the Internet

15   Notice on a Internet web site at http://www.casenosacv06571.com which has

16   remained active since that date and makes available for download, full-length,

17   downloadable forms of the Settlement Agreement, Internet Notice and Claim Form

18   as previously approved by the Court; and that the recent Stipulation and Court

19   Order regarding scheduling have also been added to the website.

20

21   12.  Counsel for Citibank has reported to me that as of November 17, 2010,

22   approximately 11,000 claim forms had been received. I expect the final total of

23   claims to be somewhat higher, as many forms have been received that cover more

24   than one account, and claims will continue to be received up to the February 2011

25   deadline.  However, I am confident that the Net Settlement Amount will prove

26   more than adequate to pay all valid claims the full $18.00, and estimate that the Cy

27   Pres Fund, which will be distributed to ten Cy Pres recipients, will be in the

28   neighborhood of $7 million.

Declar. of Barry L. Kramer in Support of Motion for Final Approval of Settlement

13.  The deadline to opt out of the settlement was November 8, 2010. Counsel for Citibank has reported to me that as of November 17, 2010, a total of 140 exclusion requests had been received, representing well below 0.01% of the estimated membership of the Settlement Class.

14.  I have received or am otherwise aware of only four objections to the settlement: two filed objections, (one on behalf of C. Prada and Howard Strong, the other on behalf of Joseph Balla, Andrew J. Cesare and Todd Bates), and two letter objections: one from Jonathan Corbett dated September 17, 2010, the other from Jeanine Mercer dated October 4, 2010.

15.  I have received numerous e-mails and letters supporting the settlement, affirmatively expressing their desire to participate in this action, and/or thanking me on the settlement.  I have also responded to hundreds of e-mails, telephone calls and letters from Settlement Class members requesting additional information, and continue to do so.  In my opinion, the small number of opt outs and objections from millions of cardmembers speaks directly about the fairness, adequacy and reasonableness of the settlement and the Settlement Class members' overwhelmingly positive reaction to this settlement weighs heavily in favor of approval.

16.  A number of Federal District and Appellate Courts have rejected claims substantially identical to those raised in this action.  These include the following: Augustine vs. Bank of America, U.S.D.C. (E.D. Cal.) case no. 2:06-CV-02013-GEB (lost on preemption grounds); McCoy v. Chase Manhattan Bank, U.S.D.C. (C.D. Cal.) case no. SACV 06-0107-JVS (lost on the merits, won on appeal, now on review before the U.S. Supreme Court); Shaner v. Chase Bank, U.S.D.C. (Mass.) case no. 1:07-CV-11766-GAO (lost on the merits, affirmed on appeal

before the First Circuit); <u>Puleo v. Chase Bank</u>, U.S.D.C. (E.D. Pa.) case no. 07-4800 (lost on arbitration issue, affirmed on appeal); <u>Cicle v. Chase Bank</u> U.S.D.C. (W.D. Mo.) case no. 07:4103-CV-C-NKL (favorable ruling on arbitration issue was reversed on appeal by the Eighth Circuit); <u>Penner v. Chase Bank</u> U.S.D.C. (W.D. Wa.) case no. 3:06 CV-05092-FDB (lost on the merits, still pending before the Ninth Circuit); <u>Williams v. Washington Mutual</u> U.S.D.C. (E.D. Cal.) case no. 2:07-CV-02418-WBS (lost on merits, appeal was dismissed after Washington Mutual was taken over by the FDIC); <u>Yeomelakis v. Washington Mutual</u> U.S.D.C. (Mass.) case no. 07-11365-NG (loss in District Court was affirmed on appeal after Washington Mutual was taken over by the FDIC); and <u>Swanson v. Bank of America</u>, U.S.D.C. (N.D. Ill.) case no. 08-CV-184 (lost on the merits; affirmed on appeal before the Seventh Circuit in published opinion); and <u>Evans v. Chase Manhattan Bank</u>, U.S.D.C. (N.D. Cal.) case no. C 05-03968 SC (lost on merits; affirmed on appeal by Ninth Circuit in a memorandum decision).

17. I previously pursued another action in this Court alleging essentially the same wrongdoing against Citibank (<u>Lowman v. Citibank</u>, case no. CV 05-8097 RGK). In that case individual arbitration was compelled, and the claim was presented to an arbitrator and heard in Utah, with the arbitrator giving an award in Citibank's favor.

18. More recently, I was involved in the case of <u>Williams v. Washington Mutual</u>, U.S.D.C. (E.D. Cal.) case no. 2:07-CV-02418-WBS, another similar action against Washington Mutual Bank. The defendant bank was taken over by federal authorities which essentially ended the class action against it and class members received nothing. In my opinion, the current difficult economic times, coupled with the large number of recent bank failures and continuing uncertainty in the economy, further increase the risks of ongoing litigation, particularly when

1    contrasted with the $10 million Citibank has agreed to pay to settle the case.

2

3        19.  Defendant Citibank has vigorously denied any wrongdoing or liability

4    of any kind in this action and has asserted numerous defenses, as to liability and

5    the amount of damages.  Furthermore, the Federal Reserve Board has specifically

6    refuted the position taken by Plaintiff as to the correct interpretation of the Board's

7    Regulation at issue herein.  Additionally, the question presented here of whether

8    these increases violated the former 12 C.F.R. § 226.9(c), in effect at the time, is

9    the central issue in a proceeding currently pending before the U.S. Supreme Court.

10   (*Chase Bank USA, N.A. v. McCoy*, case no. 09-329, in which oral argument is set

11   for hearing on December 8, 2010.)

12

13       20.  While I strongly believe that the *McCoy* case was correctly decided in

14   the Ninth Circuit, the fact that it is presently in front of the U.S. Supreme Court,

15   the rulings in other appellate level cases, and the ultimate uncertainty and risks

16   involved in litigating the instant action to a conclusion, in my opinion constitute a

17   very substantial risk that class members will receive nothing after years of

18   litigation in the event this compromise settlement is not approved by the Court.

19

20       21.  Defendant continues to assert that all claims in this action must be

21   arbitrated on an individual basis, and that issue has yet to be determined.  I also

22   believe that there is substantial risk that, absent this settlement, this case would not

23   be certified as a litigation class action, or that it would not maintain class action

24   status through trial.  If this case should proceed in litigation, I expect that

25   Defendant will vigorously oppose class certification and assert numerous defenses

26   thereto, including a potential defense that its arbitration clause, requiring

27   individual arbitration, should preclude class certification.  Thus, in my opinion the

28   risk of maintaining class action status through trial is exceptionally high, and also

8

Declar. of Barry L. Kramer in Support of Motion for Final Approval of Settlement

weighs in favor of approval of the settlement.

22.  I furthermore believe that (even assuming Plaintiff obtained class certification, maintained class certification through trial, and prevailed on all issues at trial) in light of the best possible recovery, and consideration of the risk and other factors inherent in litigating the case to a conclusion, this all-cash settlement is very fair and reasonable for the Settlement Class members, who will receive back a portion of the additional interest they were charged.  While I believe the total potential damages in this case, should the class prevail on all issues, to be <u>very</u> substantial, so also are the risks, in my opinion.

23.  Measured against the strength of Plaintiff's claims, I believe the settlement is fair and reasonable.  This case was far from a "sure thing," and Plaintiff faced numerous obstacles during the litigation and negotiations, and she will have even more difficult obstacles to face should this case proceed in litigation.

24.  I expect that absent this settlement, the issue of liability would be intensely litigated, as would class certification.  Years of litigation, including appeals, would involve uncertainty and potentially result in no payment to the Class.  Moreover, I believe that this settlement is particularly fair given the risks involved and accordingly submit that a $10 million settlement, with no reversion to Defendant, is in the Class's best interest.  The amount of the settlement in this case takes into account the several major pitfalls listed above which could prove difficult or impossible to overcome.

25.  Without a settlement in this case, I believe that the parties would continue to vigorously litigate many of the contested and novel issues of fact and

9

law raised herein.  This case involves complex legal claims and defenses, the continuing litigation of which would require an enormous outlay of time, money and energy from the Court and the parties.  Specifically, continued litigation would necessarily require additional and expensive written discovery, depositions, and expert discovery, as well as significant motion practice.  Continued litigation would also likely result in further appeals and petitions to higher courts.  Finally, should the case go to trial, it would likely absorb many days of trial time and another lengthy appeal.  In my opinion, these concerns also weigh heavily in favor of approving the settlement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: November 22, 2010                    /S/ - Barry L. Kramer

Declar. of Barry L. Kramer in Support of Motion for Final Approval of Settlement