1   STROOCK & STROOCK & LAVAN LLP
    JULIA B. STRICKLAND (State Bar No. 083013)
2   DAVID W. MOON (State Bar No. 197711)
    MARCOS D. SASSO (State Bar No. 228905)
3   2029 Century Park East
    Los Angeles, CA  90067-3086
4   Telephone: 310-556-5800
    Facsimile: 310-556-5959
5   Email: *lacalendar@stroock.com*

6
    Attorneys for Defendant
7     CITIBANK (SOUTH DAKOTA), N.A.

8

9                 **UNITED STATES DISTRICT COURT**

10               **CENTRAL DISTRICT OF CALIFORNIA**

11

12  LAURA HOFFMAN, an individual, on        ) Case No. SACV-06-00571-AG-MLG(x)
    behalf of herself and all others similarly )
13  situated,                                )  The Honorable Andrew J. Guilford
                                             )
14           Plaintiff,                      )  **NOTICE OF FILING NOTICE**
                                             )  **PURSUANT TO THE CLASS**
15       v.                                  )  **ACTION FAIRNESS ACT OF 2005**
                                             )
16  CITIBANK (SOUTH DAKOTA), N.A.,           )  Action filed:  May 5, 2006
17  and DOES 1 through 10, inclusive,        )
                                             )
18           Defendants.                     )
19  ─────────────────────────────────────────

20

21

22

23

24

25

26

27

28

LA 51340949

1     **TO THE COURT, ALL PARTIES AND INTERESTED PERSONS:**

2     **PLEASE TAKE NOTICE THAT,** pursuant to the Court's request, as stated

3 during the Final Approval Hearing held by the Court on December 13, 2010 in the

4 above action, defendant Citibank (South Dakota), N.A. hereby files the notice

5 pursuant to the Class Action Fairness Act of 2005 (the "CAFA Notice") sent May 3,

6 2010, pursuant to 28 U.S.C. § 1715, in connection with the nationwide class action

7 settlement in the above action.  A true and correct copy of the CAFA Notice with

8 accompanying exhibits is attached hereto as Exhibit A.

9

10 Dated: December 13, 2010          STROOCK & STROOCK & LAVAN LLP
                                            JULIA B. STRICKLAND

11                                     DAVID W. MOON
                                    MARCOS D. SASSO

12                          By:           */s/ Marcos D. Sasso*

13                                     Marcos D. Sasso

14                          Attorneys for Defendant

15                              CITIBANK (SOUTH DAKOTA),
                             N.A.

16

17

18

19

20

21

22

23

24

25

26

27

28

LA 51340949

# EXHIBIT A

# STROOCK

By Federal Express

May 3, 2010

Julia B. Strickland
Direct Dial  310–556–5806
Fax  310–556–5959
jstrickland@stroock.com

To:  Designated Officials Per 28 U.S.C. § 1715
(See attached Distribution List)

Re:  CAFA Notice for the Proposed Settlement in:
*Hoffman v. Citibank (South Dakota), N.A.*, Case No. SACV 06–571 AJG (MLGx)
United States District Court, Central District of California

Gentlemen:

Citibank (South Dakota), N.A. ("Citibank") hereby provides this notice pursuant to the Class Action Fairness Act of 2005 ("CAFA"). A proposed class action settlement in the form of a signed Settlement Agreement (the "Agreement") has been filed in the United States District Court for the Central District of California, the Honorable Andrew J. Guilford presiding, in conjunction with Plaintiff's Motion for Preliminary Approval. In accordance with its obligations under 28 U.S.C. § 1715(b), Citibank encloses and advises of the following:

1.  As Exhibit 1, a copy of the original complaint, the amended complaint and the proposed second amended complaint filed in connection with the settlement and Agreement;

2.  The preliminary approval hearing is currently scheduled for May 24, 2010 at 10:00 a.m. before the Honorable Andrew J. Guilford, Courtroom 10D, Ronald Reagan Federal Building and U.S. Courthouse, 411 West Fourth Street, Santa Ana, California 92701–4516;

3.  As Exhibit 2, a copy of the Agreement and exhibits thereto, including copies of the proposed notices (attached as Exhibits B through D thereto) and claim form (attached as Exhibit F thereto);

4.  No other settlement or agreement has been contemporaneously made between class counsel and counsel for Citibank;

5.  No final judgment or notice of dismissal has been entered;

LA 51218751

STROOCK & STROOCK & LAVAN LLP · LOS ANGELES · NEW YORK · MIAMI
2029 CENTURY PARK EAST, LOS ANGELES, CA 90067–3086 TEL 310.556.5800 FAX 310.556.5959 WWW.STROOCK.COM

Exhibit A, page 2

Designated Officials Per 28 U.S.C. § 1715
(See attached Distribution List)
May 3, 2010
Page 2

6.   As Exhibit 3, a chart setting forth a reasonable estimate, based upon Citibank's records, of the class member data required by 28 U.S.C. § 1715(b)(7)(B). Citibank advises that it is not feasible to provide the names of the settlement class members because of the volume of data and out of concern for the personal and financial privacy of the settlement class members. Note that the estimates are based on the proportion of all Citibank cardmembers with billing addresses in each state, and that these figures may either overstate or understate the true number of proposed settlement class members residing in each state; and

7.   There have been no written judicial opinions relating to the materials described in items 3 through 5 above.

If you have questions about this notice, the lawsuit or the enclosed materials, or if you did not receive any of the above-listed materials, please contact counsel listed below.

Respectfully submitted,

Julia B. Strickland, Esq.
Stroock & Stroock & Lavan LLP
2029 Century Park East
Los Angeles, CA  90067
Tel: 310-556-5800  Fax: 310-556-5959
Attorneys for Citibank (South Dakota), N.A.

Enclosures

LA 51218751

Exhibit A, page 3

<u>Distribution List:</u>

John C. Dugan
Office of the Comptroller of the Currency
Administrator of National Banks
250 E Street, SW
Washington, DC 20219

Horace G. Sneed
Office of the Comptroller of the Currency
Director, Litigation Division
250 E Street, SW
Washington, DC 20219

John Lyons
Examiner-in-Charge
Office of the Comptroller of the Currency
880 Third Avenue, 5th Floor
New York, NY 10022-4730

Thomas Baxter
General Counsel
Federal Reserve Bank of New York
33 Liberty Street
New York, NY 10045

LA 51218751

STROOCK & STROOCK & LAVAN LLP • LOS ANGELES • NEW YORK • MIAMI
2029 CENTURY PARK EAST, LOS ANGELES, CA 90067-3086 TEL 310.556.5800 FAX 310.556.5959 WWW.STROOCK.COM

Exhibit A, page 4

1



CLASS ACTION QUESTIONNAIRE ISSUED &amp; E-FILING ORDER ISSUED TO FILING PARTY summons issued



ORIGINAL

Brian R. Strange, Bar No. 103252
Gretchen Carpenter, Bar No. 180525
STRANGE & CARPENTER
12100 Wilshire Blvd., Suite 1900
Los Angeles, California 90025
Tel: (310) 207-5055
Fax: (310) 826-3210

Barry L. Kramer, Bar No. 61772
LAW OFFICES OF BARRY L. KRAMER
11111 Santa Monica Blvd., Suite 1860
Los Angeles, California 90025-3352
Tel: (310) 235-9980
Fax: (310) 235-9982

Attorneys for Plaintiff

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

MAY 05 2006

ALAN SLATER, Clerk of the Court

BY __E. BLOMBERG__ DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF ORANGE

LAURA HOFFMAN, an individual, on behalf
of herself and all others similarly situated,

        Plaintiff,

vs.

CITIBANK (SOUTH DAKOTA), N.A.; and
DOES 1 through 10, inclusive,

        Defendants.

Case No. 06 CC00091

CLASS ACTION

COMPLAINT FOR: (1) VIOLATION OF
THE CONSUMERS LEGAL REMEDIES
ACT (CAL. CIV. CODE §§ 1750, ET
SEQ.); AND (2) UNFAIR AND
DECEPTIVE BUSINESS PRACTICES
(CAL. BUS. & PROF. CODE §§ 17200, ET
SEQ.)

AFFIDAVIT OF LAURA HOFFMAN

JUDGE THIERRY PATRICK COLAW
DEPT. CX104

Plaintiff Laura Hoffman, on behalf of herself and all others similarly situated, alleges as
follows:

### I. NATURE OF THE CASE

1. This is a class action on behalf of all California consumers who have or have had
credit card accounts with defendant Citibank (South Dakota), N.A. ("Citibank"), and whose
interest rates were *retroactively increased* by Citibank *without warning or advance notice*,
resulting in additional lump sum finance charges being instantaneously imposed at the time of
the increases.

1

Complaint; Hoffman Affidavit

## II. JURISDICTION AND PARTIES

2.      Plaintiff Laura Hoffman is a resident of Orange County, California. Plaintiff is informed and believes and thereon alleges that Citibank is a national banking association which is duly authorized to do business in the State of California and does, in fact, transact business in the State of California. Jurisdiction is proper in this Court because Citibank has purposefully availed itself of the benefits and protections of the State of California and/or has had sufficient contact with this State such that maintenance of the action in this locale would be consistent with traditional notions of fair play and substantial justice.

## III. GENERAL ALLEGATIONS

3.      This case arises out of Citibank's business practice of reviewing its credit card accounts on a monthly basis, targeting selected cardholders for rate increases, and imposing such rate increases *retroactively*. Citibank implements this practice by waiting until the end of each monthly billing cycle before determining the interest rate to charge for the cycle just ended, and then backdating the effective date of its rate increases to the start of the billing cycle. Thus, customers whose rates are increased are unaware of the increases for at least a full month from the effective dates of the increases, at which point the customers are helpless to do anything about them. Citibank imposes these selective rate increases without warning or advance notice, based on a month-end evaluation process about which details are not disclosed or explained by Citibank to its cardmembers. As a result, many Citibank customers who, during a billing cycle, believed they were being charged at one rate suddenly find themselves, at the end of the billing cycle, being billed at a higher rate for that cycle, and being assessed far more than they had expected in finance charges for the month just ended.

4.      Citibank's practice of retroactively increasing interest rates and finance charges without warning or advance notice has proven immensely profitable to Citibank, but is completely unfair to consumers. Because these increases are backdated by a whole month, customers cannot find out about them until at least one month's interest has been charged at the higher rate. Furthermore, in some cases these increases may go unnoticed for several months or indefinitely. For example, a cardmember with a $10,000 balance whose interest rate had been at

2
Complaint; Hoffman Affidavit

1  7.99% for many months could suddenly find, upon reviewing a month-end billing statement, that

2  Citibank had increased his rate to 24.99% for the billing cycle, resulting in the instantaneous

3  imposition of an additional $140.00 in finance charges.

4       5.    In the above example, the rate increase is completely unfair, improper, and illegal

5  in that it is unilaterally imposed without warning or advance notice, operates retroactively, and is

6  based on secret criteria known only to Citibank.  Furthermore, while Citibank represents that it

7  calculates its finance charges by compounding interest on a daily basis, when it imposes a rate

8  increase, it goes back and *recomputes the finance charges* that have already accrued to the

9  account during the cycle.

10       6.    By increasing the rate retroactively, Citibank creates an instantaneous lump sum

11  finance charge that did not exist the moment before the increase, and thereby denies a customer

12  the opportunity to pay off or transfer account balances to obtain a better rate of interest, or

13  otherwise mitigate the impact of the rate increase.  Such additional finance charges are in the

14  nature of an illegal penalty.  In effect, Citibank has carried out a scheme designed to deliberately

15  cheat large number of consumers out of individually small sums of money.

16       7.    As a result of the retroactive rate increases without warning or advance notice

17  described above, Citibank wrongfully imposed unfair, unconscionable, and punitive interest rate

18  increases, and additional finance charges in the form of illegal penalties, on thousands of

19  customers' accounts, in a manner that denied them the ability to reject such increases or mitigate

20  their impact.

21                  **IV.  CLASS ALLEGATIONS**

22       8.    Plaintiff brings this action on behalf of herself and all others similarly situated

23  (the "plaintiff class"), defined as follows:

24         All consumers with billing addresses in the State of California who have or have

25         had credit card accounts with defendant Citibank (South Dakota), N.A.

26         ("Citibank"), and whose interest rates charged on outstanding balances were

27         retroactively increased by Citibank without warning or advance notice.

28  ///

3

Complaint; Hoffman Affidavit

9.      This action has been brought and may properly be maintained as a class action, satisfying the numerosity, commonality, typicality, adequacy, and superiority requirements for class certification, because:

a)      Individual joinder of class members is impracticable. Plaintiff is informed and believes and thereon alleges that the class consists of at least thousands of persons.

b)      Common questions of law and fact exist as to all members of the class that predominate over any question that affects only individual class members. These common questions of law and fact include, without limitation:

1)      whether Citibank increased interest rates and finance charges for a selected group of its cardholders who were identified through its month-end account reviews;

2)      whether the interest rate increases and additional finance charges Citibank imposed as a result of month-end account reviews were discretionary increases, based on criteria that are kept strictly secret and known only to Citibank;

3)      whether such interest rate increases and additional finance charges were unilaterally imposed by Citibank without warning or advance notice;

4)      whether such interest rate increases were imposed retroactively;

5)      whether the manner in which Citibank imposed such rate and finance charge increases denied cardholders the opportunity to avoid the impact of such increases by paying off or transferring account balances, or otherwise mitigating the impact of the increases;

6)      whether Citibank's retroactive interest rate increases and the resultant additional finance charges constituted an illegal penalty;

7)      whether Citibank's retroactive interest rate increases and the resultant additional finance charges were unconscionable;

8)      whether Citibank is liable for violation of the Consumers Legal Remedies Act; and

9)      whether Citibank is liable for unfair and deceptive business practices.

c)      Plaintiff's claims are typical of the claims of plaintiff class members because Plaintiff is a consumer who has or has had a credit card account with Citibank, whose interest

4

Complaint; Hoffman Affidavit

1    rates charged on outstanding balances were retroactively increased by Citibank without warning
2    or advance notice, resulting in additional lump sum finance charges being instantaneously
3    imposed. Plaintiff suffered the same type of damages in the form of excess interest and finance
4    charges that other plaintiff class members suffered. For example, for the month ending
5    September 20, 2005, Citibank assessed interest charges for purchases at a rate of 15.9% against
6    Plaintiff. Plaintiff's month-end billing statement dated September 20, 2005, provided no
7    indication that the rate would change for the following billing cycle. Throughout the following
8    month, Plaintiff reasonably believed that the rate of interest she was being charged was 15.9%.
9    However, as a result of Citibank's month-end review of her account on or about October 19,
10   2005, Citibank decided to increase her interest rate for purchases to 30.74%, with an effective
11   date retroactive to September 20, 2005. Citibank provided no advance notice of the backdated
12   interest rate increase, which resulted in an additional finance charge of approximately $68.00 for
13   purchases being instantaneously imposed for the billing cycle ended October 19, 2005. This is
14   an unfair and deceptive billing practice.

15          d)      Plaintiff is an adequate representative of the plaintiff class because she shares the
16   same interests as all plaintiff class members and because her claims and losses in terms of
17   backdated interest rate and finance charge increases without warning or advance notice are
18   typical of those of the plaintiff class members. Plaintiff has retained competent counsel who are
19   experienced in class action litigation and who will fairly and adequately protect the interests of
20   plaintiff class members.

21          e)      A class action is superior to other available methods for the fair and efficient
22   adjudication of this litigation, since individual joinder of all consumers with billing addresses in
23   the State of California who have or have had credit card accounts with Citibank, and whose
24   interest rates and finance charges were increased in the circumstances described herein, is
25   impracticable. Such consumers' losses are modest in relation to the expense and burden of
26   individual prosecution of the litigation necessitated by the defendant's wrongful conduct. It
27   would be virtually impossible for plaintiff class members to efficiently redress their wrongs
28   individually. Even if all plaintiff class members themselves could afford such individual

Exhibit A, page 10

1  litigation, the Court system would benefit from a class action. Individualized litigation would

2  present the potential for inconsistent or contradictory judgments. Individualized litigation would

3  also magnify the delay and expense to all parties and to the Court system presented by the issues

4  of the case. By contrast, the class action device presents far fewer management difficulties and

5  provides the benefit of comprehensive supervision by a single Court, as well as economy of scale

6  and expense.

7       f)      Citibank has acted or refused to act on grounds generally applicable to all the

8  members of the class, thereby making final injunctive relief or declaratory relief concerning the

9  class as a whole appropriate.

10                            FIRST CAUSE OF ACTION

11        FOR VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT

12                           (Cal. Civ. Code §§ 1750, et seq.)

13       (Asserted by Plaintiff, on behalf of all plaintiff class members, against all defendants)

14       10.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

15  the preceding paragraphs of this complaint.

16       11.     Citibank's actions toward Plaintiff and plaintiff class members, as set forth above,

17  constitute unfair and deceptive acts or practices in violation of applicable law, including the

18  Consumers Legal Remedies Act, California Civil Code sections 1770(a)(5) and (19), which

19  provide, in pertinent part, that "the following unfair methods of competition and unfair or

20  deceptive acts or practices undertaken by any person in a transaction intended to result or which

21  results in the sale or lease of goods or services to any consumer are unlawful: ... Representing

22  that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or

23  quantities which they do not have... [and] ... Inserting an unconscionable provision in the

24  contract...."

25       12.     In particular, the following acts, among others, constitute unfair and deceptive

26  acts and practices:

27       a)      Citibank's contractual provisions, which purport to allow retroactive increases of

28        interest rates and finance charges without warning or advance notice, are unconscionable.

                                           6
                            Complaint; Hoffman Affidavit



The inclusion of an unconscionable provision in a contract is, by definition, a deceptive trade practice under California Civil Code section 1770(a)(19).

b) Citibank sends its customers monthly billing statements which purport to represent the interest rates currently being charged. However, for those customers who subsequently receive a backdated rate increase, this representation is false. Citibank's false representation as to the characteristics of its services (namely, the APR interest rates) is, by definition, a deceptive trade practice under California Civil Code section 1770(a)(5).

c) Citibank's contractual provisions purporting to allow the creation of instantaneous lump sum finance charges are unconscionable and in the nature of an illegal penalty. This is, by definition, a deceptive trade practice under California Civil Code section 1770(a)(19).

d) Citibank represents that it calculates its finance charges throughout the month by compounding interest on a daily basis. These representations are false. In the event of a month-end rate increase, Citibank goes back to the start of the month and recomputes these charges using the higher rates. This is, by definition, a deceptive trade practice under California Civil Code section 1770(a)(5).

13. Plaintiff is informed and believes and thereon alleges that the above described unfair and deceptive practices were intentionally adopted by Citibank in order to mislead its customers as to the interest rates and finance charges they were being charged; to effectively deny cardmembers the ability to mitigate the impact of Citibank's retroactive increases resulting from month-end account reviews; to permit the imposition of illegal penalties; and to enhance defendant's income through the imposition of unfair retroactive interest rate increases and additional finance charges.

14. The above practices constituted a scheme by Citibank to deliberately cheat a large number of customers out of individually small sums of money. Plaintiff therefore seeks an order under Civil Code § 1780(a)(2) enjoining defendant from employing the practices described in this complaint against any California resident.

7

Complaint; Hoffman Affidavit

15.     Plaintiff does not at present seek damages against Citibank under this cause of action but intends to file an amended complaint in due course under Civil Code § 1782(d), also seeking damages, restitution and punitive damages under Civil Code § 1780(a)(1), (3) and (4).

### SECOND CAUSE OF ACTION

### FOR UNFAIR AND DECEPTIVE BUSINESS PRACTICES

### (Cal. Bus. & Prof. Code §§ 17200, et seq.)

(Asserted by Plaintiff, on behalf of all plaintiff class members, against all defendants)

16.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs of this complaint.

17.     Defendant's actions, as set forth above, are immoral, unethical, oppressive, unscrupulous and substantially injurious to consumers, and constitute unfair and deceptive business practices under California Business and Professions Code §§ 17200, et seq. In particular, Defendant's actions (a) in reviewing its credit card accounts on a monthly basis, (b) targeting selected cardholders for rate increases, (c) imposing such increases *retroactively*, without warning or advance notice, (d) recalculating the interest already accrued on a daily basis using a higher rate, (e) creating instantaneous additional finance charges while preventing a cardmember from doing anything about it, and (f) using a month-end evaluation process that Citibank does not disclose or explain to its cardmembers, are unfair and deceptive business practices.

18.     As an example of the misleading nature of Defendant's actions, consider a customer who begins his April billing cycle with a 7.99% rate of interest.  Assuming Citibank makes no change in the rate at its month-end review, the customer is charged exactly the 7.99% he expects to be charged.  However, if Citibank decides, based on account activity during the April billing cycle, to increase the rate to 25.99%, and backdates the increase to the beginning of the April cycle, an additional lump sum finance charge is created the moment Citibank applies the increased rate.  As a result, the customer ends up being charged a higher rate of interest and substantially greater finance charges than he was led to believe he would incur throughout the April billing cycle.  This is an unfair and deceptive business practice, since the customer would

Exhibit A, page 13

1   have no way of knowing that Citibank would increase his rates until after the April month-end

2   statement is issued, by which time it would be too late for him to do anything about it.

3       19.    Plaintiff and plaintiff class members have suffered injury in fact and have lost

4   money as a result of such unfair and deceptive business practices.

5       20.    Unless Defendant is enjoined from continuing to engage in the unfair and

6   deceptive business acts and practices as described herein, members of the class will continue to

7   be damaged thereby.

8       21.    Defendant, through its unfair and deceptive business practices, has acquired

9   money from members of the class in terms of excess finance charges.  Thus, Plaintiff and

10   members of the Class request that this Court restore this money to them, and enjoin Defendant

11   from continuing to violate Business & Professions Code §§ 17200, et seq., as discussed above.

12       22.    Such conduct is ongoing and continues to this date.  Plaintiff and plaintiff class

13   members are therefore entitled to the relief described below.

14       **WHEREFORE**, Plaintiff demands judgment on her behalf and on behalf of the Class as

15   follows:

16       1.    On the second cause of action, an award of restitution in an amount to be

17   determined at trial.

18       2.    On the first and second causes of action, for injunctive relief.

19       3.    On all causes of action, the costs of suit, including, but not limited to, attorneys'

20   fees.

21       4.    Such other and further relief as may be just and proper.

22

23   DATED: May 1, 2006

    Respectfully Submitted,

24       STRANGE & CARPENTER

25

26       By: _____

    Brian R. Strange

27       Gretchen Carpenter

    Attorneys for Plaintiff Laura Hoffman

28

9

**AFFIDAVIT OF LAURA HOFFMAN**

1.   I, Laura Hoffman, submit this affidavit pursuant to California Civil Code section 1780(c) of the *Consumers Legal Remedies Act* (Cal. Civil Code §§ 1750, et seq.) and declare the following.

2.   I am and at all relevant times have been a resident of Orange County, California, and am the named plaintiff in the Complaint filed herewith.

3.   I am informed and believe that defendant Citibank (South Dakota), N.A. does business in Orange County. Moreover, I have resided in Orange County at all relevant times, and therefore, the transactions at issue in this case occurred in Orange County.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this /st day of April, 2006, at Irvine, California.

Laura Hoffman

1  Brian R. Strange, Bar No. 103252
   E-mail: lacounsel@earthlink.net
2  Gretchen Carpenter, Bar No. 180525
   E-mail: gcarpenter@linkline.com
3  STRANGE & CARPENTER
   12100 Wilshire Blvd., Suite 1900
4  Los Angeles, California 90025
   Tel: (310) 207-5055
5  Fax: (310) 826-3210

6  Barry L. Kramer, Bar No. 61772
   E-mail: KramerLaw@aol.com
7  LAW OFFICES OF BARRY L. KRAMER
   11111 Santa Monica Blvd., Suite 1860
8  Los Angeles, California 90025-3352
   Tel: (310) 235-9980
9  Fax: (310) 235-9982

10  Attorneys for Plaintiff

11

12                   **UNITED STATES DISTRICT COURT**

13      **CENTRAL DISTRICT OF CALIFORNIA -- SOUTHERN DIVISION**

14  LAURA HOFFMAN, an individual, on )   Case No. SACV-06-571-AG(MLGx)
    behalf of herself and all others similarly )
15  situated,                         )   **CLASS ACTION**
                                      )
16                Plaintiff,          )   **FIRST AMENDED COMPLAINT**
                                      )   **FOR: (1) VIOLATION OF THE**
17  vs.                               )   **CONSUMERS LEGAL REMEDIES**
                                      )   **ACT (CAL. CIV. CODE §§ 1750, ET**
18  CITIBANK (SOUTH DAKOTA),          )   **SEQ.); AND (2) UNFAIR AND**
    N.A., and DOES 1 through 10,      )   **DECEPTIVE BUSINESS**
19  inclusive,                        )   **PRACTICES (CAL. BUS. & PROF.**
                                      )   **CODE §§ 17200, ET SEQ.)**
20                Defendants.         )
                                      )   Assigned to the Honorable Andrew J.
21  _____ )   Guilford, Courtroom 10D

22                                        Action Filed:    May 5, 2006
                                          Trial Date:      Not set
23

24

25        Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure and

26  California Civil Code Section 1782(d), Plaintiff Laura Hoffman, on behalf of

27  herself and all others similarly situated, alleges in this First Amended Complaint as

28  follows:

---

                                      1
                          First Amended Complaint

## I. NATURE OF THE CASE

1.     This is a class action on behalf of all consumers with billing addresses in the State of California who have or have had credit card accounts with defendant Citibank (South Dakota), N.A. ("Citibank"), and whose interest rates were *retroactively increased without warning or advance notice*, resulting in additional lump sum finance charges being unilaterally imposed.  Citibank's actions, as alleged herein, are brought under California law and allege a violation of California's Consumers Legal Remedies Act (Cal. Civ. Code §§ 1750, et seq.) and California's Unfair Competition Law (Cal. Bus. and Prof. Code §§ 17200, et seq.). Under California law, such additional lump sum finance charges constitute an illegal penalty and a violation of California's consumer protection statutes. Defendant removed this case based on its contention that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332(d)(2).  This Court ruled that it has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).

## II. JURISDICTION AND PARTIES

2.     Plaintiff Laura Hoffman is a resident of Orange County, California. Plaintiff is informed and believes and thereon alleges that Citibank is a national banking association which is duly authorized to do business in the State of California and does, in fact, transact business in the State of California. Jurisdiction is proper in this Court because Citibank has purposefully availed itself of the benefits and protections of the State of California and/or has had sufficient contact with this State such that maintenance of the action in this locale would be consistent with traditional notions of fair play and substantial justice.

## III. GENERAL ALLEGATIONS

3.     This case arises out of Citibank's business practice of reviewing its credit card accounts during its end-of-billing-cycle review process, targeting selected cardholders for rate increases based on its proprietary credit-risk analysis, which is included as part of such review, and selectively imposing *backdated* rate

Exhibit A, page 17

1  increases on certain of its cardholders as determined by such review.  Citibank

2  implements this practice by conducting an end-of-billing-cycle review of credit

3  agency reports and account activity pertinent to the account, making a decision

4  whether or not to increase the interest rates and finance charges for the billing

5  cycle just ended, and, in the event it decides to impose a rate increase, *backdating*

6  *the effective date of the rate increases* it imposes to the first day of the billing cycle

7  just ended and *recalculating finance charges* at the newly imposed, higher rate.  As

8  a result of this practice, customers whose rates have been increased as a result of

9  Citibank's end-of-billing-cycle review process are totally unaware of the higher

10  interest rates and finance charges for at least a full month from the effective date of

11  such increases, at which point they are helpless to do anything about them.

12      4.      Citibank imposes these selective rate increases without warning or

13  advance notice, based on a highly secret and confidential methodology which

14  includes specific formulas whose details are not made public, not disclosed to its

15  cardholders, not included in its Cardmember Agreements, and not otherwise

16  explained by Citibank to its cardmembers.  As a result of such backdated rate

17  increases, many Citibank customers who reasonably believed, throughout a billing

18  cycle, that they were being charged at the agreed upon rate shown on their previous

19  billing statement, suddenly find themselves billed at a higher rate and assessed

20  more finance charges than they expected for the billing cycle just ended.

21      5.      Citibank's practice of *retroactively* increasing interest rates and

22  finance charges *without warning or advance notice* has proven immensely

23  profitable to Citibank, but is completely unfair to consumers.  Because these

24  increases are *backdated* by a whole month, customers cannot find out about them

25  until at least one month's interest has been assessed at a new, higher rate.  For

26  example, a cardmember with a $10,000 balance whose interest rate was 7.99% for

27  the past several months could suddenly find, upon reviewing a new billing

28  statement, that Citibank had increased his or her rate to 24.99% for the billing

Exhibit A, page 18

1    cycle just ended, resulting in the instantaneous imposition of an additional $140.00
2    in finance charges for the billing cycle.

3         6.      Such backdated rate increases are completely unfair, improper, and
4    illegal, in that they are unilaterally imposed *without warning or advance notice*,
5    operate *retroactively*, and are based on *secret formulas* known only to Citibank.
6    Furthermore, while Citibank represents in its Cardmember Agreement that it
7    calculates its finance charges by compounding interest on a daily basis, the
8    imposition of a retroactive rate increase results in Citibank effectively *recomputing*
9    *the finance charges* that have already accrued to the account during the cycle just
10   ended at a higher rate, instantaneously creating an additional lump sum of finance
11   charges that did not exist the moment before the rate increase.

12        7.      By increasing the rate of interest at the end of a billing cycle but
13   backdating the effective date of the increase to the beginning of the cycle, Citibank
14   not only creates an instantaneous lump sum finance charge that did not exist the
15   moment before the increase, it also denies a customer the opportunity to pay off or
16   transfer account balances to obtain a better rate of interest, or otherwise mitigate
17   the impact of the rate increase. Such additional finance charges are in the nature of
18   an illegal penalty. In effect, Citibank has carried out a scheme designed to
19   deliberately cheat a large number of consumers out of individually small sums of
20   money.

21        8.      As a result of the *backdated rate increases without warning or*
22   *advance notice* described above, Citibank wrongfully imposed unfair,
23   unconscionable, and punitive rate increases and finance charges in the nature of
24   illegal penalties, on thousands of customers' accounts, in a manner that
25   intentionally denied them the ability to reject such increases or mitigate their
26   impact.

27   ///
28   ///

4
First Amended Complaint

## IV.  CLASS ALLEGATIONS

9.     Plaintiff brings this action on behalf of herself and all others similarly situated (the "plaintiff class"), pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure, or other applicable law, defined as follows:

> All consumers with billing addresses in the State of California who
> have or have had credit card accounts with defendant Citibank (South
> Dakota), N.A. ("Citibank"), and whose interest rates charged on
> outstanding balances were retroactively increased by Citibank without
> warning or advance notice.

10.     This action has been brought and may properly be maintained as a class action, satisfying the numerosity, commonality, typicality, adequacy, and superiority requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure or other applicable law, because:

a)     Individual joinder of class members is impracticable.  Plaintiff is informed and believes and thereon alleges that the class consists of at least thousands of persons.

b)     Common questions of law and fact exist as to all members of the class that predominate over any question that affects only individual class members. These common questions of law and fact include, without limitation:

1)     whether Citibank increased interest rates and finance charges for a selected group of its cardholders who were identified through its end-of-billing-cycle account reviews;

2)     whether the interest rate increases and additional finance charges Citibank imposed as a result of its end-of-billing-cycle account reviews were based on a methodology and set of formulas whose details are not made public, disclosed to its cardholders, included in its Cardmember Agreements, or otherwise explained by Citibank to its cardmembers;

3)    whether such interest rate increases and additional finance charges were unilaterally imposed by Citibank without warning or advance notice;

4)    whether the effective dates of such interest rate increases were backdated to the beginning of the billing cycle for which they were imposed;

5)    whether the manner in which Citibank imposed such rate and finance charge increases denied cardholders the opportunity to avoid the impact of such increases by paying off or transferring account balances, or otherwise mitigating the impact of the increases;

6)    whether Citibank's retroactive interest rate increases and the resultant additional finance charges as described above constituted an illegal penalty;

7)    whether Citibank's retroactive interest rate increases and the resultant additional finance charges were unconscionable;

8)    whether Citibank is liable for violation of the Consumers Legal Remedies Act; and

9)    whether Citibank is liable for unfair and deceptive business practices.

c)    Plaintiff's claims are typical of the claims of plaintiff class members because Plaintiff is a consumer with a billing address in the State of California who has or has had a credit card account with Citibank, and whose interest rates charged on outstanding balances were *retroactively* increased by Citibank *without warning or advance notice*, resulting in additional lump sum finance charges being instantaneously imposed.  Plaintiff suffered the same type of damages in the form of excess interest and finance charges that other plaintiff class members suffered.  Specifically, for the billing period ending September 20, 2005, Citibank assessed interest charges for purchases at a rate of 15.9% against Plaintiff.  Plaintiff's billing statement dated September 20, 2005 provided no indication that the rate would change for the following billing cycle.  However, for the following billing cycle

1    ending October 19, 2005, as a result of Citibank's end-of-billing-cycle review
2    process, Citibank decided to increase Plaintiff's interest rate for purchases to
3    30.74%. This new, higher rate first appeared on Plaintiff's billing statement dated
4    October 19, 2005, but with an effective date for the increase backdated to
5    September 21, 2005. Citibank provided no advance notice of the backdated
6    interest rate increase prior to its effective date of September 21, 2005, which
7    resulted in additional lump sum finance charges of approximately $68.00 being
8    created for the billing cycle ending October 19, 2005 at the moment the rate
9    increase was imposed. This is an unfair and deceptive billing practice.

10          d)     Plaintiff is an adequate representative of the plaintiff class because she
11   shares the same interests as all plaintiff class members and because her claims and
12   losses in terms of backdated interest rate and finance charge increases without
13   warning or advance notice are typical of those of the plaintiff class members.
14   Plaintiff has retained competent counsel who are experienced in class action
15   litigation and who will fairly and adequately protect the interests of plaintiff class
16   members.

17          e)     A class action is superior to other available methods for the fair and
18   efficient adjudication of this litigation, since individual joinder of all consumers
19   with billing addresses in the State of California who have or have had credit card
20   accounts with Citibank, and whose interest rates and finance charges were
21   increased in the circumstances described herein, is impracticable. Such
22   consumers' losses are modest in relation to the expense and burden of individual
23   prosecution of the litigation necessitated by the defendant's wrongful conduct. It
24   would be virtually impossible for plaintiff class members to efficiently redress
25   their wrongs individually. Even if all plaintiff class members themselves could
26   afford such individual litigation, the Court system would benefit from a class
27   action. Individualized litigation would present the potential for inconsistent or
28   contradictory judgments. Individualized litigation would also magnify the delay

7

**First Amended Complaint**

1  and expense to all parties and to the Court system presented by the issues of the

2  case.. By contrast, the class action device presents far fewer management

3  difficulties and provides the benefit of comprehensive supervision by a single

4  Court, as well as economy of scale and expense.

5      f)     Citibank has acted on grounds generally applicable to all the members

6  of the class, thereby also making final injunctive relief or declaratory relief

7  concerning the class as a whole appropriate, pursuant to Federal Rules of Civil

8  Procedure, Rule 23(b)(2) or other applicable law.

9      11.    Plaintiff proposes that notice of this class action be provided by

10  individual mailings to plaintiff class members and/or by publication in national

11  publications.

**FIRST CAUSE OF ACTION**

**FOR VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT**

**(Cal. Civ. Code §§ 1750, _et seq._)**

**(Asserted by Plaintiff, on behalf of all plaintiff class members, against all defendants)**

17      12.    Plaintiff repeats, reiterates, and realleges each and every allegation

18  contained in the preceding paragraphs of this complaint.

19      13.    Citibank's actions toward Plaintiff and plaintiff class members, as set

20  forth above, constitute unfair and deceptive acts or practices in violation of

21  applicable law, including the Consumers Legal Remedies Act, California Civil

22  Code sections 1770(a)(5) and (19), which provide, in pertinent part, that "the

23  following unfair methods of competition and unfair or deceptive acts or practices

24  undertaken by any person in a transaction intended to result or which results in the

25  sale or lease of goods or services to any consumer are unlawful: ... Representing

26  that goods or services have sponsorship, approval, characteristics, ingredients,

27  uses, benefits, or quantities which they do not have... [and] ... Inserting an

28  unconscionable provision in the contract...."

14.    In particular, the following acts, among others, constitute unfair and deceptive acts and practices:

a)    Citibank's contractual provisions, which purport to allow retroactive increases of interest rates and finance charges without warning or advance notice, are unconscionable. The inclusion of an unconscionable provision in a contract is, by definition, a deceptive trade practice under California Civil Code section 1770(a)(19).

b)    Citibank sends its customers monthly billing statements which purport to represent the interest rates currently being charged as of the statement dates. However, for those customers who subsequently receive a backdated rate increase, this representation is false. Citibank thus falsely represents the characteristics of its services, which is, by definition, a deceptive trade practice under California Civil Code section 1770(a)(5).

c)    Citibank's contractual provisions purporting to allow the creation of instantaneous lump sum finance charges as a result of an unannounced rate increase are unconscionable and in the nature of an illegal penalty. This is, by definition, a deceptive trade practice under California Civil Code section 1770(a)(19).

d)    Citibank represents that it calculates its finance charges throughout the month by compounding interest on a daily basis. These representations are false for class members. In the event of an end-of-billing-cycle rate increase, Citibank backdates the rate increase and recomputes these finance charges using the higher rates. This is, by definition, a deceptive trade practice under California Civil Code section 1770(a)(5).

15.    Plaintiff is informed and believes and thereon alleges that the above described unfair and deceptive practices were willfully and intentionally adopted by Citibank in order to mislead its customers as to the interest rates and finance charges they were being charged; to effectively deny cardmembers the ability to

9

First Amended Complaint

1  mitigate the impact of Citibank's backdated rate increases from its end-of-billing-
2  cycle account reviews; to permit the imposition of illegal penalties; and to enhance
3  defendant's income through the imposition of unfair retroactive interest rate and
4  finance charge increases.

5      16.    The above practices constituted a scheme by Citibank to deliberately
6  cheat a large number of customers out of individually small sums of money.
7  Plaintiff therefore seeks an order under Civil Code § 1780(a)(2) enjoining
8  defendant from employing the practices described in this complaint against any
9  California resident.

10      17.    Further, as a direct and proximate result of the above-described
11  deceptive practices, plaintiff and members of the plaintiff class have sustained
12  damages in an amount to be proven at trial.

13      18.    Plaintiff served her initial complaint on Defendant on May 22, 2006.
14  In addition, on May 5, 2006, plaintiff provided defendant with written notice of her
15  and the class's claims, via U.S. certified mail, return receipt requested, and
16  demanded that, within 30 days, Defendant correct, repair, replace or otherwise
17  rectify the deceptive practices complained of herein for the entire class pursuant to
18  Civil Code § 1770. Defendant failed to do so or agree to do so. Therefore,
19  plaintiff now seeks damages for such deceptive practices pursuant to Civil Code §
20  1782.

21  **SECOND CAUSE OF ACTION**
22  **FOR UNFAIR AND DECEPTIVE BUSINESS PRACTICES**
23  **(Cal. Bus. & Prof. Code §§ 17200, et seq.)**
24  **(Asserted by Plaintiff, on behalf of all plaintiff class members, against all**
25  **defendants)**
26      19.    Plaintiff repeats, reiterates, and realleges each and every allegation
27  contained in the preceding paragraphs of this complaint.
28  ///

10
First Amended Complaint

20.   Defendant's actions, as set forth above, are immoral, unethical, oppressive, unscrupulous and substantially injurious to consumers, and constitute unfair and deceptive business practices under California Business and Professions Code §§ 17200, et seq. In particular, Defendant's actions in (a) conducting end-of-billing-cycle account reviews, (b) targeting selected cardholders for rate increases, (c) imposing such increases *retroactively*, without warning or advance notice, (d) recalculating the interest already accrued on a daily basis using a higher rate, (e) creating instantaneous additional finance charges while preventing a cardmember from doing anything about it, and (f) using an end-of-billing-cycle review process that Citibank does not disclose or explain to its cardmembers, are unfair and deceptive business practices.

21.   As an example of the misleading nature of Defendant's actions, consider a customer who begins his April billing cycle with a 7.99% rate of interest. Assuming Citibank makes no change in the rate at its end-of-billing-cycle account review, the customer is charged exactly the 7.99% he expects to be charged. However, if Citibank decides, based on account activity during the April billing cycle, to increase the rate to 25.99%, and backdates the increase to the beginning of the April cycle, an additional lump sum finance charge is created the moment Citibank applies the increased rate. As a result, the customer ends up being charged a higher rate of interest and substantially greater finance charges than he was led to believe he would incur throughout the April billing cycle. This is an unfair and deceptive business practice, since the customer would have no way of knowing that Citibank would increase his rates until after the April statement is issued, by which time it would be too late for him to do anything about it.

22.   Plaintiff and plaintiff class members have suffered injury in fact and have lost money as a result of such unfair and deceptive business practices.

23.   Unless Defendant is enjoined from continuing to engage in the unfair and deceptive business acts and practices as described herein, members of the class

Exhibit A, page 26

1  will continue to be damaged thereby.

2      24.    Defendant, through its unfair and deceptive business practices, has

3  acquired money from members of the class in terms of excess interest and finance

4  charges.  Thus, Plaintiff and members of the Class request that this Court restore

5  this money to them, and enjoin Defendant from continuing to violate Business &

6  Professions Code §§ 17200, et seq., as discussed above.

7      25.    Such conduct is ongoing and continues to this date.  Plaintiff and

8  plaintiff class members are therefore entitled to the relief described below.

9      **WHEREFORE**, Plaintiff demands judgment on her behalf and on behalf of

10  the Class as follows:

11      1.    On the first cause of action, an award of damages in an amount to be

12  determined at trial.

13      2.    On the second cause of action, an award of restitution and/or

14  disgorgement in an amount to be determined at trial.

15      3.    On the first and second causes of action, for injunctive relief.

16      4.    On all causes of action, the costs of suit, including, but not limited to,

17  attorneys' fees.

18      5.    Such other and further relief as may be just and proper.

19  DATED: October  //  , 2006              Respectfully Submitted,

20                                         STRANGE & CARPENTER

21

22

23                          By:  _Gretchen Carpenter_

24                               Brian R. Strange
                                 Gretchen Carpenter
                                 Attorneys for Plaintiff Laura Hoffman

25

26

27

28

12

**First Amended Complaint**

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3
I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:

4
12100 Wilshire Boulevard, Suite 1900

5
Los Angeles, California  90025

6
On October 12, 2006, I served the forgoing document, described: **FIRST AMENDED COMPLAINT FOR: (1) VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT (CAL. CIV. CODE §§ 1750, ET SEQ.); AND (2)**

7
**UNFAIR AND DECEPTIVE BUSINESS PRACTICES (CAL. BUS. & PROF. CODE §§ 17200, ET SEQ.)**

8
[ x ] **by placing** [ ] the original  [ x ] a true copy thereof enclosed  in sealed envelopes addressed as follows:

9

10
Andrew W. Moritz, Esq.
Stroock & Stroock & Lavan LLP
2029 Century Park East

11
Los Angeles, California 90067

12
Counsel for Defendant

13
Barry L. Kramer, Esq.
LAW OFFICES OF BARRY L. KRAMER

14
11111 Santa Monica Blvd., Suite 1860
Los Angeles, CA 90025-3352

15

16
Co-Counsel for Plaintiff

17
[ X ]   **VIA U.S. MAIL**
[   ]   **VIA FEDERAL EXPRESS**

18
[ ] I deposited such an envelope in the mail at Los Angeles, California.  The

19
envelope was mailed with postage thereon fully prepaid.

20
[X] As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los

21
Angeles, California.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one

22
day after date of deposit for mailing in affidavit.

23
[ ] **BY PERSONAL SERVICE**

24
I delivered such envelope by hand to the addressee.
Executed on October 12, 2006, at Los Angeles,

25
[   ] **(State)** I declare under penalty of perjury under the laws of the State of

26
California that the above is true and correct.

27
[ X ] **(Federal)**   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

28

Jill Wood

Exhibit A, page 28



1    Barry L. Kramer,  Bar No. 61772
     *kramerlaw@aol.com*
2    Law Offices of Barry L. Kramer
     12428 Promontory Road
3    Los Angeles, California 90049
     Telephone: (310) 440-9761
4
5    Attorneys for Plaintiff Laura Hoffman
6
7
8
9                    **UNITED STATES DISTRICT COURT**
10     **CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

11   LAURA HOFFMAN, an individual, on )    Case No. SACV-06-571-AG(MLGx)
     behalf of herself and all others    )
12   similarly situated,                 )    **CLASS ACTION**
                                         )
13                    Plaintiff,          )
                                         )    **[PROPOSED]**
14   vs.                                  )    **SECOND AMENDED COMPLAINT**
                                         )    **FOR: (1) VIOLATION OF TRUTH-**
15   CITIBANK (SOUTH DAKOTA),            )    **IN-LENDING REGULATIONS (12**
     N.A., and DOES 1 through 10,        )    **C.F.R. § 226.9(c)); (2) VIOLATION**
16   inclusive,                          )    **OF STATE CONSUMER**
                                         )    **PROTECTION LAWS**
17                    Defendants.         )
                                         )    Assigned to the Honorable Andrew J.
18   ——————————————————————— )    Guilford, Courtroom 10D

19                                            Action Filed:      May 5, 2006
                                              Trial Date:        Not set
20
21
22          Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Plaintiff
23   Laura Hoffman, on behalf of herself and all others similarly situated, alleges in
24   this Second Amended Complaint as follows:
25
26                    **I.  NATURE OF THE CASE**
27          1.     This is a class action on behalf of all customers of Citibank (South
28   Dakota), N.A. or its predecessor Citibank USA, National Association

                                        1
                            Second Amended Complaint

1  (collectively, "Citibank") who, between May 5, 2002 and the present, had a credit
2  card account with Citibank and who paid periodic finance charges that were
3  assessed from the beginning of a billing period in which the periodic rate was
4  increased as a result of a default or delinquency that occurred before August 20,
5  2009.  These *retroactive increases without warning or advance notice* resulted in
6  additional lump sum finance charges being unilaterally imposed.  Such additional
7  lump sum finance charges constitute an illegal penalty.  This Court has jurisdiction
8  pursuant to 28 U.S.C. §§ 1331 and 1332(d)(2).
9
10                      **II.  JURISDICTION AND PARTIES**
11        2.      Plaintiff Laura Hoffman is a resident of Orange County, California.
12  Plaintiff is informed and believes and thereon alleges that Citibank is a national
13  banking association based in South Dakota which is duly authorized to do
14  business in the Central District of California and does, in fact, transact business in
15  this District.  Venue is proper in this District because a substantial part of the
16  events giving rise to the claims occurred in this District.
17
18                      **III.  GENERAL ALLEGATIONS**
19        3.      This case arises out of Citibank's business practice of reviewing its
20  delinquent credit card accounts during its end-of-billing-cycle review process,
21  targeting selected cardholders for rate increases as a result of such review, and
22  selectively imposing *backdated* rate increases on certain of its existing
23  cardholders.  Citibank implements this practice by conducting its end-of-billing-
24  cycle review of credit agency reports and account activity pertinent to the account,
25  making its decision whether or not to increase the interest rates and finance
26  charges for the billing cycle just ended, and in the event it decides to impose a rate
27  increase, *backdating the effective date of its rate increases* to the first day of the
28  billing cycle just ended and *recalculating finance charges* at such higher rate.

2

Second Amended Complaint
