1  Barry L. Kramer,  Bar No. 61772
   *kramerlaw@aol.com*
2  Law Offices of Barry L. Kramer
   12428 Promontory Road
3  Los Angeles, California 90049
   Telephone: (310) 440-9761
4
   Attorneys for Plaintiff Laura Hoffman
5

6

7

8              **UNITED STATES DISTRICT COURT**

9      **CENTRAL DISTRICT OF CALIFORNIA -- SOUTHERN DIVISION**

10  LAURA HOFFMAN, an individual, on )   Case No. SACV-06-571-AJG(MLGx)
    behalf of herself and all others )
11  similarly situated,              )   **CLASS ACTION**
                                     )
12                  Plaintiff,       )   [SECOND AMENDED PROPOSED]
                                     )   **SETTLEMENT ORDER AND**
13  vs.                              )   **FINAL JUDGMENT**
                                     )
14  CITIBANK (SOUTH DAKOTA),         )
    N.A., and DOES 1 through 10,     )
15  inclusive,                       )
                                     )
16                  Defendant.       )
                                     )
17  _____   )

18

19

20      THIS MATTER came before the Court for final approval of the proposed

21  class settlement.  The Court has considered all papers filed and proceedings in this

22  matter and held a hearing on December 13, 2010, at which time the parties and all

23  other interested persons were afforded the opportunity to be heard in support of

24  and in opposition to the proposed settlement.  Based on the papers filed with the

25  Court and presentations made to the Court at the hearing, it is hereby ORDERED,

26  ADJUDGED, AND DECREED as follows:

27      1.    The definitions and provisions of the Settlement Agreement are

28  hereby incorporated as though fully set forth herein.  For purposes of this Order,

                                    1

1  capitalized terms shall have the meaning ascribed to them in the Settlement
2  Agreement.

3    2.    This Court has jurisdiction over the subject matter of the Settlement
4  Agreement with respect to and over all parties to the Settlement Agreement,
5  including all members of the Settlement Class.

6    3.    The Court hereby approves the settlement, including the plan of
7  distribution of the settlement relief, and finds that the settlement is, in all respects,
8  fair, reasonable and adequate to the Settlement Class Members, within the
9  authority of the parties and the result of extensive arm's length negotiations.

10    4.    Pursuant to Federal Rule of Civil Procedure 23(c), the Court certifies,
11  for settlement purposes only, the following Settlement Class:

12    All customers who, between May 5, 2002 and May 24, 2010, had a credit
13    card account with Citibank (South Dakota), N.A. or its predecessor Citibank
14    USA, National Association, and who paid periodic finance charges that
15    were assessed from the beginning of a billing period in which the periodic
16    rate was increased as a result of a default or delinquency that occurred
17    before August 20, 2009.

18    5.    This Settlement Order and Final Judgment does not constitute an
19  expression by the Court of any opinion, position or determination as to the merit
20  or lack of merit of any of the claims or defenses of plaintiff Laura Hoffman
21  ("Plaintiff"), the Settlement Class Members or defendant Citibank (South Dakota),
22  N.A. ("Citibank"). Neither this Settlement Order and Final Judgment nor the
23  Settlement Agreement is an admission or indication by Citibank of the validity of
24  any claims in this action or of any liability or wrongdoing or of any violation of
25  law. This Settlement Order and Final Judgment and the Settlement Agreement do
26  not constitute a concession and shall not be used as an admission or indication of
27  any wrongdoing, fault or omission by Citibank or any other person in connection
28  with any transaction, event or occurrence, and neither this Settlement Order and

SETTLEMENT ORDER AND FINAL JUDGMENT

1 Final Judgment nor the Settlement Agreement nor any related documents in this
2 proceeding nor any reports or accounts thereof shall be offered or received in
3 evidence in any civil, criminal or administrative action or proceeding, other than
4 such proceedings as may be necessary to consummate or enforce this Settlement
5 Order and Final Judgment, the Settlement Agreement and all releases given
6 thereunder, or to establish the affirmative defenses of res judicata or collateral
7 estoppel.

8     6.    This Court hereby dismisses this action with prejudice as to all
9 Settlement Class Members except those who have timely and properly excluded
10 themselves from the Settlement Class.  Exhibit A, attached hereto, sets forth the
11 names of those individuals who have timely and properly excluded themselves
12 from the Settlement Class.

13     7.    (a)    Upon the date that the Judgment becomes Final, Plaintiff, and
14 all persons and entities acting on her behalf concerning the subject matter of this
15 Action, will fully release and forever discharge Citibank and each and all of its
16 present, former and future direct and indirect parent companies, affiliates,
17 subsidiaries, agents, successors, predecessors in interest, and/or any financial
18 institutions, corporations, trusts, or other entities that may hold or have held any
19 interest in any account or any receivables relating to any account, or any
20 receivables or group of receivables, or any interest in the operation or ownership
21 of Citibank, and all of the aforementioneds' respective officers, directors,
22 employees, attorneys, shareholders, agents, vendors (including processing
23 facilities) and assigns, from any and all rights, duties, obligations, claims, actions,
24 causes of action or liabilities, whether arising under local, state or federal law
25 (including without limitation under any state consumer-protection and/or unfair
26 and deceptive practices acts, the Truth in Lending Act, 15 U.S.C. § 1601 et seq.,
27 and Regulation Z, 12 C.F.R. pt. 226), whether by Constitution, statute, contract,
28 common law or equity, whether known or unknown, suspected or unsuspected,

1   asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or

2   unliquidated, as of the date of Final Judgment in the Action, relating to the

3   Citibank card account at issue and any other account issued to Plaintiff by

4   Citibank (or any of its affiliates), including without limitation, all claims that arise

5   out of or relate in any way to any or all of the acts, omissions, facts, matters,

6   transactions or occurrences that were or could have been directly or indirectly

7   alleged, asserted, described, set forth or referred to in the Action and are related to

8   the allegations therein.

9          (b)    Upon the date that the Judgment becomes Final, each and all

10   Settlement Class Members and their respective heirs, executors, administrators,

11   representatives, agents, attorneys, partners, successors, predecessors in interest,

12   assigns and any authorized users of their accounts will be deemed to have fully

13   released and forever discharged Citibank and each and all of its present, former

14   and future direct and indirect parent companies, affiliates, subsidiaries, agents,

15   successors, predecessors in interest, and/or any financial institutions, corporations,

16   trusts, or other entities that may hold or have held any interest in any account or

17   any receivables relating to any account, or any receivables or group of receivables,

18   or any interest in the operation or ownership of Citibank, and all of the

19   aforementioneds' respective officers, directors, employees, attorneys,

20   shareholders, agents, vendors (including processing facilities) and assigns, from

21   any and all rights, duties, obligations, claims, actions, causes of action or

22   liabilities, whether arising under local, state or federal law (including without

23   limitation under any state consumer-protection and/or unfair and deceptive

24   practices acts, the Truth in Lending Act, 15 U.S.C. § 1601 et seq., and Regulation

25   Z, 12 C.F.R. pt. 226), whether by Constitution, statute, contract, common law or

26   equity, whether known or unknown, suspected or unsuspected, asserted or

27   unasserted, foreseen or unforeseen, actual or contingent, liquidated or

28   unliquidated, as of the date of Final Judgment in the Action: (1) that arise out of or

SETTLEMENT ORDER AND FINAL JUDGMENT

1  relate in any way to any or all of the acts, omissions, facts, matters, transactions or

2  occurrences that were or could have been directly or indirectly alleged, asserted,

3  described, set forth or referred to in the Action and are related to the allegations

4  therein; (2) that arise out of or relate in any way to the calculation, assessment or

5  disclosure of default interest rates (including, without limitation, the effective date

6  of such rates) and/or finance charges based thereon on Settlement Class Members'

7  credit card accounts with a Released Party; or (3) that arise out of or relate in any

8  way to the administration of the settlement.

9       (c)    Without limiting the foregoing, the Released Claims specifically

10  extend to claims that Plaintiff and the Settlement Class Members do not know or

11  suspect to exist in their favor at the time that the settlement, and the releases

12  contained therein, becomes effective.  The Court finds that Plaintiff has, and the

13  Settlement Class Members are deemed to have, knowingly waived California Civil

14  Code section 1542, section 20-7-11 of the South Dakota Codified Laws and/or any

15  other applicable law relating to limitations on releases.

16       8.     In aid to this Court's jurisdiction to implement and enforce the

17  settlement, Plaintiff and all Settlement Class Members and all persons purporting

18  to act on behalf of Settlement Class Members are enjoined, directly, on a

19  representative basis or in any other capacity, from asserting, commencing,

20  prosecuting or continuing any of the Released Claims against Citibank or any of

21  the other Released Parties in any action, arbitration or proceeding in any court,

22  arbitral forum or tribunal.

23       9.     The Court finds that the program of Class Notice set forth in the

24  Settlement Agreement and preliminarily approved by the Court was the best

25  practicable notice under the circumstances.  The Class Notice provided due and

26  adequate notice of these proceedings and of the matters set forth therein, including

27  the Settlement Agreement, to all parties entitled to such notice and satisfied the

28  requirements of Federal Rule of Civil Procedure 23 and the requirements of

SETTLEMENT ORDER AND FINAL JUDGMENT

1   constitutional due process.

2       10.   Without affecting the finality of this Settlement Order and Final

3   Judgment in any way, the Court retains continuing jurisdiction over:

4   (a) implementation of the Settlement Agreement and distribution of the settlement

5   payments contemplated by the Settlement Agreement, until all acts agreed to be

6   performed pursuant to the Settlement Agreement have been performed; and (b) all

7   parties to this action and members of the Settlement Class for the purpose of

8   enforcing and administering the Settlement Agreement.

9       11.   Neither this Settlement Approval Order and Final Judgment nor the

10  Settlement Agreement constitutes an admission or concession by Citibank of any

11  fault, omission, liability or wrongdoing.  This Settlement Approval Order and

12  Final Judgment is not a finding of the validity or invalidity of any claims in this

13  action or a determination of any wrongdoing by the defendant.  The final approval

14  of the Settlement Agreement does not constitute any opinion, position or

15  determination of this Court, one way or the other, as to the merits of the claims

16  and defenses of Plaintiff, Citibank or the Settlement Class members.

17      12.   In the event that the Settlement Agreement does not become effective

18  in accordance with its terms, then this Settlement Approval Order and Final

19  Judgment shall be vacated, the Settlement Class shall be decertified (without

20  affecting Plaintiff's right subsequently to seek certification) and the Settlement

21  Agreement and all orders entered in connection therewith shall become null and

22  void and of no further force and effect.

23     **IT IS SO ORDERED.**

24

25  Dated: December 22, 2010

26                    The Honorable Andrew J. Guilford

27                    United States District Judge

28

SETTLEMENT ORDER AND FINAL JUDGMENT

**EXHIBIT** A

## Laura Hoffman v. Citibank (South Dakota), N.A. (Opt Outs)

| | CARDHOLDER NAME | ACCOUNT NO. | NAME OF LAWSUIT PRESENT (Y/N) | REQUEST FOR EXCLUSION STATEMENT (Y/N) | SIGNED BY ALL CARDHOLDERS (Y/N) | POSTMARK | FULL NAME, ADDRESS AND ACCOUNT NUMBER (Y/N) |
|---|---|---|---|---|---|---|---|
| 1 | Adams, Ruchelle D. | | | | | | |
| 2 | Adelani, Aanuoluwa | | | | | | |
| 3 | Amburgey, Joseph Vernon | | | | | | |
| 4 | Anderson, Elizabeth | | | | | | |
| 5 | Andom, Martha | | | | | | |
| 6 | Andrews, Nellie A. | | | | | | |
| 7 | Angulo, Maida | | | | | | |
| 8 | Atkins, Patricia | | | | | | |
| 9 | Baltao, Alejandro C. | | | | | | |
| 10 | Baltao, Tisha K. | | | | | | |
| 11 | Baylor, Sherry S. | | | | | | |
| 12 | Beard, Leon | | | | | | |
| 13 | Beck, Lauren Kim | | | | | | |
| 14 | Beduhn, Candice M. | | | | | | |
| 15 | Benavides, Lydia | | | | | | |
| 16 | Benton, Judy J. | | | | | | |
| 17 | Bouchard, Tracy Dean | | | | | | |
| 18 | Bradley, Almeta B. | | | | | | |
| 19 | Britt, Kelly | | | | | | |
| 20 | Broughton, Joy Lee | | | | | | |
| 21 | Brown, John | | | | | | |
| 22 | Buday, Tanit | | | | | | |
| 23 | Buffington, D.L. | | | | | | |
| 24 | Byers, Sheila | | | | | | |
| 25 | Caplan, Eliot P. | | | | | | |
| 26 | Carpio, Victor | | | | | | |
| 27 | Cater, Jeremy | | | | | | |
| 28 | Cofoid, Estelle S. | | | | | | |
| 29 | Corbin, Paul | | | | | | |
| 30 | Corkovic, Daniyela | | | | | | |
| 31 | Cornuard, Paul A. | | | | | | |
| 32 | Crowston, Michael E. | | | | | | |
| 33 | Deleambre, Rita | | | | | | |
| 34 | Dellindia, Salvatore | | | | | | |
| 35 | DelValle, Horace | | | | | | |

REDACTED

| | CARDHOLDER NAME | ACCOUNT NO. | NAME OF LAWSUIT PRESENT (Y/N) | REQUEST FOR EXCLUSION STATEMENT (Y/N) | SIGNED BY ALL CARDHOLDERS (Y/N) | POSTMARK | FULL NAME, ADDRESS AND ACCOUNT NUMBER (Y/N) |
|---|---|---|---|---|---|---|---|
| 36 | Dickens, Royce | | | | | | |
| 37 | Drescher, Kathleen | | | | | | |
| 38 | Durden, Randy E. | | | | | | |
| 39 | Fazio, Laura Ann | | | | | | |
| 40 | Flakes Ross, Marguerite E. | | | | | | |
| 41 | Foster, Scott | | | | | | |
| 42 | Fox, Carolyn L. | | | | | | |
| 43 | Gant, Ellen | | | | | | |
| 44 | German-Motorcards Inc. - Bernd Tessman | | | | | | |
| 45 | Gibson, Mary | | | | | | |
| 46 | Gould, Hollis O. | | | | | | |
| 47 | Govia, Denise | | | | | | |
| 48 | Griess, Steven | | | | | | |
| 49 | Haag, Patricia | | | | | | |
| 50 | Halbert, Kathryn Ann | | | | | | |
| 51 | Harris, Anne | | | | | | |
| 52 | Hennessee, Suzanne C. | | | | | | |
| 53 | Hollies, Mary M. | | | | | | |
| 54 | Howell, Eugene | | | | | | |
| 55 | Hungerink, Beth E. | | | | | | |
| 56 | Jackson, Ellicia Minette | | | | | | |
| 57 | Karakaya, Sevki | | | | | | |
| 58 | Kerr, Erich | | | | | | |
| 59 | Khaing, Lwin Mar | | | | | | |
| 60 | Killingsworth, Alfred O. | | | | | | |
| 61 | Kirchmeier, Judith-Ann | | | | | | |
| 62 | Kuthy, Douglas | | | | | | |
| 63 | Lair, Billy W. | | | | | | |
| 64 | Largo, Katrina M. | | | | | | |
| 65 | Lassiter, Cynthia D. | | | | | | |
| 66 | Leslie, Virginia | | | | | | |
| 67 | Lone Oak Tree Farm - Alfred Simpson | | | | | | |
| 68 | Lowe, William E. | | | | | | |
| 69 | Luedecke, Ray Lee | | | | | | |
| 70 | Lusk, Elsa | | | | | | |
| 71 | Mansfield, Mary | | | | | | |
| 72 | Massouda, Kathleen | | | | | | |
| 73 | McCloskey, Brad | | | | | | |

REDACTED

2

| | CARDHOLDER NAME | ACCOUNT NO. | NAME OF LAWSUIT PRESENT (Y/N) | REQUEST FOR EXCLUSION STATEMENT (Y/N) | SIGNED BY ALL CARDHOLDERS (Y/N) | POSTMARK | FULL NAME, ADDRESS AND ACCOUNT NUMBER (Y/N) |
|---|---|---|---|---|---|---|---|
| 74 | McDonald Ruth A. | | | | | | |
| 75 | McGill-Vondee, Sandra | | | | | | |
| 76 | McVicker, Dan C. | | | | | | |
| 77 | Meeks, Dennise J. | | | | | | |
| 78 | Mehmeti, Turcan | | | | | | |
| 79 | Meyer, Kelly | | | | | | |
| 80 | Milbrett, Char | | | | | | |
| 81 | Mostinger, Reba Marie | | | | | | |
| 82 | Myint, Nilar | | | | | | |
| 83 | Naylor, Clifford Lee | | | | | | |
| 84 | Nunn, Damon R. | | | | | | |
| 85 | O'Daniel, Woody R. | | | | | | |
| 86 | Ovalle, Salomon | | | | | | |
| 87 | Pate, Gary | | | | | | |
| 88 | Patrick, Brooks T. | | | | | | |
| 89 | Patrick, Sharon L. | | | | | | |
| 90 | Pepler, Elizabeth | | | | | | |
| 91 | Perry, Albert A. | | | | | | |
| 92 | Powers, Lindsey | | | | | | |
| 93 | Quinn, Jeff | | | | | | |
| 94 | Ragan, Stephen M. | | | | | | |
| 95 | Ragan, Thomas C. | | | | | | |
| 96 | Robinson, Terez | | | | | | |
| 97 | Rockett, Beverley J. | | | | | | |
| 98 | Rodney, Odeth F. | | | | | | |
| 99 | Romero, Rachel | | | | | | |
| 100 | Rosas, Edwin E. | | | | | | |
| 101 | Rubin, Richard | | | | | | |
| 102 | Ruelas, Richard | | | | | | |
| 103 | Sauceda, April P. | | | | | | |
| 104 | Schnurr, Ryan D. | | | | | | |
| 105 | Schreier, Daniel | | | | | | |
| 106 | Schroeder, Arthur | | | | | | |
| 107 | Scott, Eric Bradley | | | | | | |
| 108 | Scott, Paul & Diane | | | | | | |
| 109 | Segura, Florbel | | | | | | |
| 110 | Shaffer, Angela | | | | | | |
| 111 | Shannon, Calvin D. | | | | | | |

REDACTED

| | CARDHOLDER NAME | ACCOUNT NO. | NAME OF LAWSUIT PRESENT (Y/N) | REQUEST FOR EXCLUSION STATEMENT (Y/N) | SIGNED BY ALL CARDHOLDERS (Y/N) | POSTMARK | FULL NAME, ADDRESS AND ACCOUNT NUMBER (Y/N) |
|---|---|---|---|---|---|---|---|
| 112 | Shea, Deborah M. | | | | | | |
| 113 | Singleton, Edna C. | | | | | | |
| 114 | Snider, Richard J. | | | | | | |
| 115 | Staley, NeYama | | | | | | |
| 116 | Steele, Sharilyn R. | | | | | | |
| 117 | Stokey, Connie & Lloyd | | | | | | |
| 118 | Stout, Janalee M. | | | | | | |
| 119 | Stowski, Christine C. | | | | | | |
| 120 | Stuart, Jeffrey Charles | | | | | | |
| 121 | Sugay, Rosalina | | | | | | |
| 122 | Sutton, Cassie Ann | | | | | | |
| 123 | Sutton, James | | | | | | |
| 124 | Townsend, Marjorie | | | | | | |
| 125 | Turman, Elizabeth | | | | | | |
| 126 | Unsworth, Charles C. | | | | | | |
| 127 | Valles, Edgar B. | | | | | | |
| 128 | Veverka, James D. | | | | | | |
| 129 | Veverka, Jeanne G. | | | | | | |
| 130 | Wade, Pat | | | | | | |
| 131 | Wahlin, Jay D. | | | | | | |
| 132 | Walls, Gladys | | | | | | |
| 133 | Wang, Michael | | | | | | |
| 134 | Ward, Robert C. | | | | | | |
| 135 | Wheeler, Melony | | | | | | |
| 136 | White, Susan | | | | | | |
| 137 | Wilson, Beverley A. | | | | | | |
| 138 | Zeccarias, Filmon | | | | | | |
| 139 | Urata, Chet Edward | | | | | | |
| 140 | Daur, Rheta | | | | | | |
| | | | | | | | |
| | | | | | | | |

REDACTED

4